Fred Andrew TRYON, Jr., a married man, Plaintiff,

v.

AVRA VALLEY FIRE DISTRICT, a body politic; George Andrew, Frank Stansberry, Jack Fisher, Jack McFarland and Chuck Hudson, members of the Board of Directors of the Avra Valley Fire District, Defendants.

No. CIV 86–037 TUC ACM.

United States District Court,
D. Arizona,
Tucson Division.

Sept. 30, 1986.

Paul Roberts, Walraven & Roberts, Prescott, Ariz., for plaintiff.

John R. Moffitt, Tucson, Ariz., for defendants.

### ORDER

MARQUEZ, District Judge.

This is an action arising out of an employment contract between Avra Valley Fire District, Defendant, and the Plaintiff, Fred Tryon. On or about July 1, 1983, Tryon agreed to an employment contract as Fire Chief with the Fire District. The term of the contract was five years. Approximately seventeen months later, a general election was held for two positions on the Board of Directors of the Fire District. The new directors took office on December 1, 1984.

On February 26, 1985, a public meeting of the Fire District was held. Included on the agenda was an item titled "Termination of Chief's Contract." Plaintiff did not appear at this meeting. No action was taken on the matter at that meeting. The matter was continued to the public meeting of March 5, 1985 and was again placed on the agenda under an item listed "Termination of Chief's Contract." Tryon did not appear at this meeting. The board voted to terminate the Plaintiff's employment agreement "without cause."

Plaintiff filed his complaint on January 17, 1986 but has not filed a claim with the Fire District pursuant to A.R.S. § 12–821. Count One alleges a cause of action under 42 U.S.C. § 1983. Plaintiff alleges he had a property right in continued employment of which he was deprived in violation of the Due Process Clause of the Constitution of the United States. Counts Two, Three, and Four allege state law claims arising out of contract. Defendants have filed a Motion for Summary Judgment and Plaintiff has filed a Cross Motion for Summary Judgment. After consideration of the pleadings and the exhibits, the Court has determined Summary Judgment in favor of Defendants is proper. The reasons for this determination are more fully set forth below.

A threshold issue raised by Defendants involves the applicability of the "notice of claims" statute, A.R.S. § 12–821. Defendants assert that Plaintiff's failure to file a claim with the Fire District bars this action. Plaintiff asserts he is not required to file a claim under the provisions of A.R.S. § 12–821 (added by Laws 1984) which superceded the prior claims statute.

■ The "notice of claims" statute has been construed to require filing a claim with the public entity in question before bringing suit. *See Mammo v. State*, 138 Ariz. 528, 675 P.2d 1347 (1984) (interpreting the prior statute). Although no cases have been found interpreting the new statute, the court believes any subsequent cases will be consistent with *Mammo*. Thus, Tryon's failure to file a claim with the Fire District serves as a bar to the state law claims set forth in Plaintiff's complaint and Counts Two, Three and Four of the Complaint must be dismissed. However, the interplay between the Arizona "notice of claims" statute and 42 U.S.C. § 1983 must be addressed.

■ The purpose of a "notice of claims" statute and its requirement of presenting a claim and disallowance before suit may be brought against a public entity is threefold: (1) to afford the public entity the opportunity to investigate the claim and assess its liability; (2) to afford the public entity the opportunity to attain a settlement and avoid costly litigation; and (3) to advise the legislature where settlement could not be achieved. *Mammo v. State*, 675 P.2d at 1350. Whether this statute applies to causes of action grounded in federal law depends upon the federal borrowing doctrine. Federal law does at times borrow state legal provisions to complement federal law. *Brown v. United*

*States,* 742 F.2d 1498, 1501 (D.C.Cir.1984). Where a federal action contains no statute of limitations courts ordinarily look to state law as a possible source of federal law. *See Burnett v. Grattan,* 468 U.S. 42, 104 S.Ct. 2924, 82 L.Ed.2d 36 (1984). With regard to "notice of claims" statutes, however, courts have generally held that the borrowing doctrine does not apply. *Brown v. United States,* 742 F.2d 1498, 1505 (D.C. Cir.1984) (overruling *McClam v. Barry,* 697 F.2d 366 (D.C.Cir.1983)); *Willis v. Reddin,* 418 F.2d 702 (9th Cir.1969) (claims provision of California Tort Claims Act does not apply to equal protection claim under 28 U.S.C. § 1343). Accordingly, this Court decides that Tryon's cause of action under 42 U.S.C. § 1983 is not barred by A.R.S. § 12–821 and Count One may not be dismissed on that ground.

Since this Court has determined that Count One of Plaintiff's complaint survives the "notice of claims" statute, A.R.S. § 12–821, the next issue is whether Plaintiff is entitled to relief under 42 U.S.C. § 1983. The initial inquiry is whether Tryon had a property right.

■ The existence of property rights and interests in continued employment entitled to protection under the Due Process Clause is determined by reference to state law. *Board of Regents v. Roth,* 408 U.S. 564, 577, 92 S.Ct. 2701, 2709, 33 L.Ed.2d 548 (1972); *Telford v. Clackamas County Housing Authority,* 710 F.2d 567, 569 (9th Cir.1983). The claim of entitlement in this case is dependent upon the validity of the employment contract under state law. *Telford,* 710 F.2d at 570. The question in the present case revolves around the power of a Board of Directors for the Fire District to bind successor boards. This issue can only be resolved by looking to Arizona law.

Arizona courts have dealt with the issue of one board binding successor boards in a few cases. In *Town of Tempe v. Corbell,* 17 Ariz. 1, 147 P. 745 (1915), the Arizona Supreme Court first addressed the issue. In *Corbell,* the town of Tempe, acting through its town council, entered into a contract for street sprinkling with Corbell for one year commencing June 1, 1912.

Twelve days later, on June 13, 1912, a new council took office. Upon taking office, the new council replaced Corbell. In *Corbell,* the Arizona Supreme Court recognized the general rule that "a contract extending beyond the term of office of the members of a public board, such as a board of county commissioners, a municipal board, or other like controlling body representing a municipal corporation, is, if made in good faith, ordinarily a valid contract." 17 Ariz. at 9, 147 P. 745. The court stated that the ground upon which these decisions are based is that a board is a continuous existing corporation; while the personal membership changes, the corporation continues unchanged. *Id.* However, the Court also recognized an exception to the general rule and chose to base its decision on that exception. The exception applies to employment contracts which are personal to the board by their nature, where the contract would limit the power of succeeding members to exercise discretion in the performance of a duty owing to the public. *Id.* Where a contract is personal to the board it cannot bind successors.

In *Pima County v. Grosetta,* 54 Ariz. 530, 97 P.2d 538 (1939), the Pima County Board of Supervisors had contracted with various attorneys to handle cases involving certain collection matters. The Arizona Supreme Court restated the rule it had laid down in *Corbell:*

"Where the contract in question is a unitary one for the doing of a particular and specified act, but its performance may extend beyond the term of the officers making it, if it appears that the contract was made in good faith and in the public interest it is not void because it will not be completed during the term of those officers. If, on the other hand, the contract is for the performance of personal or professional services for employing officers, their successors must be allowed to choose for themselves those persons on whose honesty, skill and ability they must rely."

97 P.2d at 541.

■ The Fire Chief falls within the latter category. He is responsible for the Fire

Department and its operations. He has a variety of duties, including the hiring and firing of personnel. The contract in question is not a unitary one for the doing of a particular and specified act as it was in *Grosetta*. Based upon the law stated by the Arizona Supreme Court, the prior Board of Directors of the Fire District could not bind their successors to an employment contract with the Fire Chief since the contract was personal to the Board. The Fire Chief would not have a claim of entitlement to continued employment and no property right would exist. This conclusion is further supported by the modern trend in this type of case.

■ Arizona courts now analyze the issue by drawing a distinction between proprietary and governmental functions of a municipal body. A fire district is a quasi-municipal corporation. *California Portland Cement v. Picture Rocks Fire District*, 143 Ariz. 170, 174, 692 P.2d 1019, 1023 (App.1984). If a board is acting in a proprietary function, a successor board can be bound by the prior board. *City of Tucson v. Sims*, 39 Ariz. 168, 4 P.2d 673 (1931).

In *Copper Country Mobile Home v. City of Globe*, 131 Ariz. 329, 641 P.2d 243 (App.1982), the court considered whether the City of Globe was acting in a governmental or proprietary function with regard to providing sewer service to persons residing outside the city limits. The court stated that "a governmental function is generally recognized as one undertaken because of a duty imposed on the city for the welfare or protection of its citizens." 641 P.2d at 247. The court noted that "a municipality is bound by contracts made by its officials when the subject of the contract involves a proprietary activity." 641 P.2d at 246. Using this test, we must decide whether the Fire District acting in its governmental or proprietary function.

The court in *Copper Country* explicitly relied upon 10 McQuillan, *Municipal Corporations*, § 29.101, p. 467, 469 (3rd ed. 1970) which states in part:

"Where the nature of an office or employment is such as to require a municipal board or officer to exercise a supervisory control over the appointee or employee, together with the power of removal, such employment or contract of employment by the board, it has been held, is in the exercise of a governmental function, and contracts relating thereto must not be extended beyond the life of the board." (citing *Town of Tempe v. Corbell, supra*).

■ The authorities cited above require this court to conclude that the employment contract entered into between Tryon, as Fire Chief, and the Defendants, Avra Valley Fire District, acting through its board of directors, was done in performance of the board's governmental function. Under Arizona law, the prior board could not bind the successor board that voted to terminate the Fire Chief. Tryon does not have a valid claim of entitlement under state law. Tryon does not have a property right under 42 U.S.C. § 1983 and this court must therefore dismiss Count One of plaintiff's complaint.

The court declines to reach the following issues since its prior rulings dispose of the case: (1) whether punitive damages are proper against a municipal corporation in an action under § 1983; (2) whether the fire district has absolute immunity under state law, A.R.S. § 12-820.01; and (3) whether the requirements of due process were satisfied by the fire district in its termination of Tryon. A review of the authorities indicates that Defendants were entitled to prevail at least as to the first and third issues but this court declines to rule on those questions.

IT IS ORDERED that Defendants' Motion for Summary Judgment is granted and that Plaintiff's Cross Motion for Summary Judgment is denied.

IT IS FURTHER ORDERED that judgment be entered in favor of Defendants and against the Plaintiff.