916 P.2d 1096

**Enrique G. SERNA, Plaintiff/Appellant,**

v.

**PIMA COUNTY, a political subdivision of the State of Arizona, Defendant/Appellee.**

**No. 2 CA–CV 95–0158.**

Court of Appeals of Arizona, Division 2, Department A.

Oct. 12, 1995.

Reconsideration Denied Nov. 29, 1995.

Review Denied May 21, 1996.

Miller, Pitt & McAnally by Gerald Maltz, Tucson, for Plaintiff/Appellant.

Gabroy, Rollman & Bossé by Ronna L. Fickbohm and John Gabroy, Tucson, for Defendant/Appellee.

## OPINION

LIVERMORE, Presiding Judge.

■ Plaintiff Enrique Serna was employed as county manager of defendant Pima County on November 7, 1989. His employment contract provided for an annual salary of $102,500 and further provided for a severance payment of roughly $200,000 if his employment was terminated without cause prior to June 30, 1992. On June 13, 1992, the Pima County Board of Supervisors voted to extend the contract for two years. New members were elected to the board in November 1992 and, when they took office in January 1993, the board voted to terminate plaintiff's employment. This suit for severance pay followed. We affirm the grant of summary judgment in favor of the county.

The basis for the judgment below was the longstanding Arizona rule that while a political entity can ordinarily enter into contracts extending beyond the political life of the entity's governing board, it cannot do so where the contract is for personal or professional services for the board itself. *Pima County v. Grossetta*, 54 Ariz. 530, 97 P.2d 538 (1939); *Town of Tempe v. Corbell*, 17 Ariz. 1, 147 P. 745 (1915); *City of Phoenix v. Long*, 158 Ariz. 59, 761 P.2d 133 (App.1988). See also *Tryon v. Avra Valley Fire Dist.*, 659 F.Supp. 283 (D.Ariz.1986). As put in *Grossetta*, "If ... the contract is for the performance of personal or professional services for the employing officers, their successors must be allowed to choose for themselves those persons on whose honesty, skill and ability they must rely." 54 Ariz. at 538, 97 P.2d at 541. Or, to phrase it in more modern terms, publicly elected officials must have the freedom to appoint those high level executive and administrative officers on which the success of a political policy must rest. If it were otherwise, political democracy might falter because those popularly elected might be unable to carry out the policies that caused their election due to an entrenched permanent bureaucracy not answerable to the electorate.

■ Plaintiff recognizes that as the chief executive and administrative officer of the county, he was employed to furnish personal and professional services to the county board and thus fit within the *Grossetta* rule. He argues, however, that the rule only requires that the board be free to terminate him, not that such termination be free of contract damages. For two reasons, we disagree. First, in *Town of Tempe v. Corbell, supra,* the case that created the rule, it was applied to prevent an award of damages for termination. Second, the rule exists to promote freedom of appointment of those officers on whom the success of a political policy will rest. That important goal ought not be undercut by putting an economic penalty on efforts to achieve it. Plaintiff argues that the *Grossetta* rule creates an impediment to hiring and retaining qualified professionals to serve the citizens of Arizona. While that may be true, we have our doubts. The citizens of our state have lived with this rule for 80 years. We have not been perfectly governed but there is little to suggest that any failures result from the inability of public officers to negotiate "golden parachutes" to protect them against the political vicissitudes of life. If, however, evidence can be marshalled to demonstrate the political cost of the *Grossetta* rule, the legislature would surely change it.

■ We reject summarily the argument that severance pay is earned compensation. That assertion turns common usage on its head. To say that an official earns $200,000 by working a few months but then loses what he has previously earned by completing the contract term is to bend ordinary language to

**382**

the breaking point. One earns salary by working. If one has an enforceable contract of employment, he may receive an award of damages for breach or a pre-agreed severance payment. That payment is for damages for breach, not compensation for previous service.

Affirmed. Appellee is awarded its attorneys' fees on appeal in an amount to be determined upon filing the statement required by Rule 21, Ariz.R.Civ.App.P. 17B A.R.S.

FERNANDEZ and PELANDER, JJ., concur.