**Donald K. KLEPPER, a Montana resident, Plaintiff–Appellant,**

v.

**CITY OF PAGE, an Arizona municipal corporation; et al., Defendants–Appellees.**

**No. 05–15614.**

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 6, 2006.*

Filed Nov. 14, 2006.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Donald K. Klepper, Missoula, MT, pro se.

Stephen D. Hoffman, Esq., Lewis Brisbois Bisgaard & Smith, LLP, Phoenix, AZ, Rickey Ernest Olson, Esq., Page City Attorney, Page, AZ, for Defendants–Appellees.

Before: LEAVY, GOULD, and CLIFTON, Circuit Judges.

### MEMORANDUM**

Donald K. Klepper appeals pro se from the district court's summary judgment in favor of defendants in Klepper's action alleging, *inter alia,* breach of contract and due process violations arising from his termination as City Manager of Page, Arizona. We have jurisdiction under 28 U.S.C. § 1291. After de novo review, *Hobler v. Brueher,* 325 F.3d 1145, 1151 (9th Cir.2003), we affirm.

The district court properly granted summary judgment on Klepper's breach-of-contract claim because his employment was subject to termination under both the "successor board" doctrine, *see Serna v. Pima County,* 185 Ariz. 380, 916 P.2d 1096, 1097 (1995), and the plain language of his employment agreement, which also incorporated by reference Arizona law specifying his employment was at-will, *see* Ariz.Rev.Stat. 9–303(C) ("The person ap-

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

**694**

pointed to the office of city or town manager shall serve at the pleasure of the governing body of the city or town and may be removed without cause by a majority vote thereof.").

■ The district court properly concluded that Arizona law did not recognize a separate tort action for breach of the implied covenant of good faith and fair dealing in the employment context. *See Nelson v. Phoenix Resort Corp.,* 181 Ariz. 188, 888 P.2d 1375, 1385 (1994). The district court also properly concluded that Klepper could not bring a tortious interference claim against defendants because they were not third parties to the employment agreement. *See Payne v. Pennzoil Corp.,* 138 Ariz. 52, 672 P.2d 1322, 1327 (1983).

■ The district court properly granted summary judgment on Klepper's due process claims. Because Klepper served at the pleasure of the City Council, he had no property right in his continued employment. *See Brady v. Gebbie,* 859 F.2d 1543, 1548 (9th Cir.1988). To the extent Klepper's due process claim was based on his liberty interest in his reputation, the claim fails because it is undisputed that he was offered a name-clearing hearing. *See Bd. of Regents v. Roth,* 408 U.S. 564, 573, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972). The district court also properly concluded that Klepper's First Amendment retaliation claim was foreclosed by the nature of his position in the city government. *See Hobler,* 325 F.3d at 1151–52 ("policymaker" exception applies to "certain key personnel who aren't policymakers ... but who are critical to effective policy implementation, and whose loyalty and confidentiality are necessary").

\* This panel unanimously finds this case suitable for decision without oral argument. *See*

Klepper's remaining contentions lack merit.

We deny all pending motions as moot.

**AFFIRMED.**