859 P.2d 1345

The STATE of Arizona,
Petitioner/Cross–Real
Party in Interest,

v.

The Hon. Richard A. WINKLER, a Judge
for the Superior Court of the State of
Arizona, County of Cochise, Respondent,

and

George James GAUGHAN, Real Party
in Interest/Cross–Petitioner.

No. 2 CA–SA 93–0101.

Court of Appeals of Arizona,
Division 2, Department B.

Sept. 28, 1993.

Alan K. Polley, Cochise Co. Atty. by Vincent J. Festa, Bisbee, for petitioner/cross-real party in interest.

Laura Cardinal, Cochise County Legal Defender by Robert N.D. Pomeroy, Bisbee, for real party in interest/cross-petitioner.

## OPINION

DRUKE, Chief Judge.

In this special action, the State of Arizona seeks relief from the trial court's ruling in the underlying criminal action against real party in interest George James Gaughan that it would give the Recommended Arizona Jury Instruction (RAJI) on hindering prosecution, RAJI 25.12, rather than the state's requested instruction. Because we conclude that RAJI 25.12 is an incorrect statement of the law, because the question is one of statewide importance, and because the state has no adequate remedy by appeal, we accept jurisdiction and grant relief. Ariz.R.P.Spec. Actions 1 and 3, 17B A.R.S. We decline jurisdiction, however, of Gaughan's cross-petition seeking relief from the court's denial of his motion to remand for a redetermination of probable cause.

Gaughan was indicted in April 1993 on one count of hindering prosecution and one count of conspiracy to hinder prosecution.

The charges arose from an automobile accident in Sierra Vista, Arizona, in which a woman was killed. According to the state's theory, Gaughan was a passenger in a car being driven by Raymond Kuehl on State Route 92. Both men had been drinking. Kuehl struck the left rear of the car driven by the deceased, causing it to leave the road and flip over. Kuehl then turned the car around, and the men drove to the house of a friend of Gaughan where they tampered with the ignition switch of Kuehl's car to make it appear as though it had been stolen. Kuehl later drove the car to another place and abandoned it.

On the day trial was to begin, counsel met with the court to confer about jury instructions. The state requested a hindering prosecution instruction based on two Colorado cases. The court observed that the requested instruction was reasonable, but ruled that it would give RAJI 25.12 instead. It then continued the trial for three months over Gaughan's objection and invited the state to file this special action. The court also denied Gaughan's motion to dismiss the case.

## ADEQUATE REMEDY BY APPEAL

█ Because of the current posture of the case, we conclude that the state has no adequate remedy by way of appeal. A trial court's decision on jury instructions is not one of the enumerated rulings from which the state may appeal. A.R.S. § 13-4032. The state acknowledges that based on RAJI 25.12, the trial court would be required to grant Gaughan's motion for judgment of acquittal if the case proceeded to trial. An acquittal, of course, cannot be appealed by the state. *Rolph v. City Court*, 127 Ariz. 155, 618 P.2d 1081 (1980). The state also would have been prohibited from appealing if it had moved to dismiss the indictment. *Litak v. Scott*, 138 Ariz. 599, 676 P.2d 631 (1984). Because the trial court denied Gaughan's motion to dismiss, the state was left with no avenue to challenge the jury instruction ruling other than by special action.

We note, however, a concern with the trial court's invitation to the state to ask us for a ruling on the appropriate course of action for the court to take. Because our jurisdiction does not include the authority to issue advisory rulings, we believe the better practice would have been for the trial court to grant Gaughan's motion to dismiss, based on the state's concession that it could not obtain a conviction under RAJI 25.12, and the state could have appealed the dismissal, thus obviating the necessity of a special action. Such a dismissal would, of course, be without prejudice.

## RAJI 25.12

█ We turn now to the issue before us. Gaughan was charged pursuant to A.R.S. § 13-2512(A), which provides:

A person commits hindering prosecution in the first degree if, with the intent to hinder the apprehension, prosecution, conviction or punishment of another for any felony, such person renders assistance to such person.

Assistance is defined in detail in § 13-2510. RAJI 25.12, on the other hand, would instruct the jury as follows:

The crime of hindering prosecution in the first degree requires proof of the following two things:

1. The defendant acted with the intent to hinder the prosecution, apprehension, conviction, or punishment of a person charged with a felony; *and*

2. The defendant rendered assistance to such a person.

(Emphasis in original.) The only source shown for the recommended instruction is the statute itself. A comparison of the two reveals that the instruction adds an element that does not appear in the statute: the requirement that the person be *charged* with a felony at the time the defendant renders assistance. The statute contains no such requirement, nor can it be reasonably so construed. The use of the words "intent to hinder the apprehension, prosecution, conviction or punishment" reflects a legislative intent that the assistance is prohibited at any time after the crime is committed, whether before, dur-

ing, or after the institution of legal proceedings.

We note that there are no cases in Arizona that discuss the elements of the crime of hindering prosecution, nor are there any that we have been able to find in Hawaii, whose hindering prosecution statute was the source of § 13–2512. Rudolph J. Gerber, *Criminal Law of Arizona* (1978). In the only Arizona case that even marginally approached the issue, this court stated that an agreement not to disclose information to a grand jury could constitute the crime of hindering prosecution. *Franzi v. Koedyker*, 157 Ariz. 401, 758 P.2d 1303 (App.1985). That factual situation certainly does not contemplate the assisted person being charged with a felony. In addition, we note that the predecessor to § 13–2512, former § 13–141, did not require that the assisted person have been charged before the crime could be committed. The former statute read:

> Any person who, after a felony has been committed, harbors, conceals or aids a principal in such felony with the intent that such principal may avoid or escape arrest, trial, conviction or punishment and knows or has reason to believe that such principal has committed or has been charged or convicted of such felony, is an accessory.

1976 Ariz.Sess.Laws ch. 116, § 3.

Finally, the Arizona Criminal Code Commission's explanation of our present statute, which was enacted in 1978 as part of the criminal code revision, supports our interpretation.

> The definition of "rendering assistance" expands prior law beyond concealing knowledge of a crime from a magistrate or harboring or concealing a fugitive. The offense now occurs if the fugitive is warned of impending discovery, provided with assistance in flight, or if authorities are prevented by force, deception or intimidation from apprehending the suspect, or if evidence is concealed or destroyed.

Gerber, *supra*, p. 362.

The trial court erred in ruling that it would give RAJI 25.12. We do not address the state's request that we order the court to give its requested instruction. To do so would be inappropriate because the trial has not commenced and no evidence has been presented. The order of the trial court is vacated, and the matter is remanded for further proceedings consistent with this opinion.

ESPINOSA, P.J., and HATHAWAY, J., concur.