962 P.2d 228

**The STATE of Arizona, Appellant,**

**v.**

**Stacy MALVERN and Mark Daniel Davis, Appellees.**

**Nos. 2 CA–CR 97–0335, 2 CA–CR 97–0433.**

Court of Appeals of Arizona, Division 2, Department B.

Feb. 26, 1998.

Redesignated as Opinion and Publication Ordered April 9, 1998.

Review Denied Sept. 10, 1998.

---

Barbara LaWall, Pima County Attorney by Jonathan Bass, Tucson, for Appellant.

Susan A. Kettlewell, Pima County Public Defender by Lori J. Lefferts, Tucson, for Appellee Malvern.

Isabel Garcia de Romo, Pima County Legal Defender By Joy Athena, Tucson, for Appellee Davis.

---

*OPINION*

HOWARD, Judge.

¶ 1 Appellees Mark Daniel Davis and Stacy Malvern were charged with first-degree hindering prosecution in violation of A.R.S. § 13–2512(A) for rendering assistance to Daryl, a juvenile who had absconded from a state juvenile secure care facility. Davis pled guilty to attempted first-degree hindering prosecution, and Malvern moved to dismiss the charge. Concluding that § 13–2512 only proscribes assistance to a person who has committed a felony, and that, as a juvenile, Daryl could only commit delinquent acts rather than felonies, the trial court granted Malvern's motion to dismiss. Davis then moved to withdraw from his plea agreement and dismiss the indictment, based on the dismissal of Malvern's case. The trial court granted both motions. The state appeals both dismissals. We reverse.

STANDARD OF REVIEW

¶ 2 A trial court should dismiss a case upon a defendant's motion only if "the indictment, information, or complaint is insufficient as a matter of law." Ariz. R.Crim.P. 16.6(b), 17 A.R.S. Although we generally review the trial court's granting of a motion to dismiss for an abuse of discretion, *State v. Sandoval,* 175 Ariz. 343, 857 P.2d 395 (App.1993), we review the trial court's decision *de novo,* because it involved the interpretation of § 13–2512. *See State ex rel. Udall v. Superior Court,* 183 Ariz. 462, 464, 904 P.2d 1286, 1288 (App.1995) ("The interpretation of a statute is a question of law that we review *de novo.*").

¶ 3 "It is our duty to ascertain the intent of the legislature in interpreting a statute." *State v. Getz,* 189 Ariz. 561, 563, 944 P.2d 503, 505 (1997), *quoting In re Pima County Juvenile Appeal No. 74802–2,* 164 Ariz. 25, 33, 790 P.2d 723, 731 (1990). "[I]f a statute's language is clear and unambiguous, we must give effect to that language and need not employ other rules of statutory construction." *State v. Riggs,* 189 Ariz. 327, 333, 942 P.2d 1159, 1165 (1997). " 'When the statute's language is not clear, we determine legislative intent by reading the statute as a whole ... and by considering factors such as the statute's context, subject matter, historical background, effects and consequences, and spirit and purpose.' " *State v. Garcia,* 189 Ariz. 510, 513, 943 P.2d 870, 873 (App.1997), *quoting Zamora v. Reinstein,* 185 Ariz. 272, 275, 915 P.2d 1227, 1230 (1996). We interpret statutes " 'in such a way as to achieve the general legislative goals that can be adduced from the body of legislation in question.' " *Garcia, quoting Zamora.*

DISCUSSION

¶ 4 Section 13–2512 provides that "[a] person commits hindering prosecution in the first degree if, with the intent to hinder the apprehension, prosecution, conviction or punishment of another for any felony, such person renders assistance to such person." Section 13–2511 defines second-degree hindering as rendering assistance to a person who has committed a misdemeanor or petty offense.

¶ 5 A "delinquent act" is an "act by a juvenile which if committed by an adult would be a criminal offense." A.R.S. § 8–201(11). The distinction between a delinquent act and a felony or misdemeanor, therefore, is not the nature of the act but, rather, the status of the perpetrator. Although a juvenile's acts may be characterized as "delinquent acts" rather than crimes for the purposes of rehabilitation and punishment, the acts are, nonetheless, criminal in nature. By differentiating between first-degree hindering and second-degree hindering based upon the severity of the underlying crime, the legislature demonstrated an intent to differentiate the offenses based upon the nature of the underlying crime. The legislature, however, has not demonstrated any intent to draw distinctions based upon the status of the perpetrator. The harm to society does not depend on the potential punishment for the underlying crime, but on the defendant's acts, which are the same whether the underlying crime is punishable as a juvenile's delinquent act or a felony.

¶ 6 The legislature has specifically used the term "felony" to apply to acts committed by juveniles. At the time Daryl was discovered in appellees' trailer, a felony warrant for his arrest had been issued as a result of his escape from a juvenile secure care facility. Escape from a juvenile secure care facility is a class five felony. A.R.S. § 13–2503(B). This classification would be meaningless if a juvenile could not commit a felony. See also A.R.S. § 8–241(V) ("first time felony juvenile offender" defined as "a juvenile who is adjudicated delinquent for an offense that would be a felony offense if committed by an adult"); A.R.S. § 13–501(F)(2) ("chronic felony offender" defined as "a juvenile who on at least two prior separate occasions has been adjudicated delinquent for conduct that would constitute a historical prior felony conviction if the juvenile had been tried as an adult").

¶ 7 Further, Daryl could have been charged as an adult on the underlying crime, *In re Cameron T.*, 190 Ariz. 456, 949 P.2d 545 (App.1997), and need not have been charged with the underlying crime before appellees could be charged with hindering prosecution. *State v. Winkler*, 176 Ariz. 212, 859 P.2d 1345 (App.1993). It would be incongruous if a person who assists a juvenile transferred to adult court could be guilty of hindering prosecution but a person who assists a juvenile who remains in juvenile court would not be guilty. There is no logical reason for the legislature to have drawn such a distinction, and a logical reading of the statute does not require us to read it that way. *See Garcia.*

¶ 8 Appellees argue that adopting the state's argument would violate due process and raise notice problems. Appellees, however, had adequate notice from the statutes that the burglary for which Daryl was confined and escape from a juvenile secure care facility are felonies. Section 13–2512 clearly proscribes assisting a person to evade "apprehension, prosecution, conviction or punishment" for a felony. The statutes are unambiguous, and neither the rule of lenity nor due process requires a different result.

¶ 9 The indictment was not insufficient as a matter of law. Therefore, we reverse the trial court's orders dismissing the charges against Malvern and Davis and remand for further proceedings in accordance with this decision. *See* Ariz.R.Crim.P. 16.6(B).

PELANDER, P.J., and ESPINOSA, J., concur.