IN THE COURT OF APPEALS
STATE OF ARIZONA
DIVISION TWO

FILED BY CLERK

JUN 15 2006

COURT OF APPEALS
DIVISION TWO

KEITH D. BARTH, a married man,      )
                                    )      2 CA-CV 2005-0067
                 Plaintiff/Appellant, )    DEPARTMENT B
                                    )
            v.                      )      O P I N I O N
                                    )
COCHISE COUNTY, ARIZONA, a          )
county in the state of Arizona; LANCE K. )
CROSTHWAIT and JANE DOE             )
CROSTHWAIT, husband and wife, in his )
capacity as Chief Deputy of the Cochise )
County Sheriff's Office and in his  )
individual capacity; MARK DANNELS   )
and JANE DOE DANNELS, husband and   )
wife, in his capacity as a lieutenant with )
the Cochise County Sheriff's Office and )
in his individual capacity; LARRY   )
DEVER and JANE DOE DEVER,           )
husband and wife, in his capacity as the )
Cochise County Sheriff and in his   )
individual capacity; RODNEY         )
ROTHROCK and JANE DOE               )
ROTHROCK, husband and wife, in his  )
capacity as commander with the Cochise )
County Sheriff's Office and in his  )
individual capacity,                )
                                    )
                 Defendants/Appellees. )
                                    )

APPEAL FROM THE SUPERIOR COURT OF COCHISE COUNTY

Cause No. CV-200300554

Honorable R. Douglas Holt, Judge

AFFIRMED

Borowiec & Borowiec, P.C.
  By Joel Borowiec                                                Sierra Vista

and

Law Offices of Michael Johns
  By C. Michael Johns                                            Sierra Vista
                                        Attorneys for Plaintiff/Appellant

Edward J. Rheinheimer, Cochise County Attorney
  By Adam Ambrose                                                     Bisbee
                                    Attorneys for Defendants/Appellees

E S P I N O S A, Judge.

¶1        Appellant Keith Barth sued appellees Cochise County, the Cochise County Sheriff, and several employees of the sheriff, alleging constructive discharge, breach of contract, interference with contract, negligent supervision, violation of due process, and intentional infliction of emotional distress. The trial court granted the defendants' motion to dismiss the constructive discharge count, apparently treating the motion as one for summary judgment, and the parties stipulated to dismiss the remaining counts. Barth appeals from the court's dismissal of his constructive discharge claim and its award of attorney fees to Cochise County. He contends the court erred in finding that, for claims of constructive discharge of county employees, A.R.S. § 23-1502,[1] governing such actions, does not

_____

[1]Section 23-1502, A.R.S., provides in pertinent part:

        B. As a precondition to the right of an employee to bring a

2

supersede A.R.S. § 12-821.01[2] which requires the filing of a notice of claim with a public

body as a prerequisite to suing on that claim. Barth also argues the court abused its discretion

in awarding attorney fees to the county. We affirm.

---

constructive discharge claim against an employer pursuant to subsection A, paragraph 1 of this section, the employee shall take each of the following actions before deciding whether to resign:

1. Notify an appropriate representative of the employer, in writing, that a working condition exists that the employee believes is objectively so difficult or unpleasant that the employee feels compelled to resign or intends to resign.

2. Allow the employer fifteen calendar days to respond in writing to the matters presented in the employee's written communication under paragraph 1 of this subsection.

[2]Section 12-821.01(A), A.R.S., states:

A. Persons who have claims against a public entity or a public employee shall file claims with the person or persons authorized to accept service for the public entity or public employee as set forth in the Arizona rules of civil procedure within one hundred eighty days after the cause of action accrues. The claim shall contain facts sufficient to permit the public entity or public employee to understand the basis upon which liability is claimed. The claim shall also contain a specific amount for which the claim can be settled and the facts supporting that amount. Any claim which is not filed within one hundred eighty days after the cause of action accrues is barred and no action may be maintained thereon.

3

**Factual And Procedural Background**

¶2        In ruling on the motion to dismiss, the trial court considered exhibits attached to the county's motion and Barth's response. When a party makes a motion to dismiss pursuant to Rule 12(b)(6), Ariz. R. Civ. P., 16 A.R.S., Pt. 1, and matters outside the pleading have been presented to and not rejected by the court, "the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56." *Id*. We review the grant of a motion for summary judgment *de novo* and view the facts in the light most favorable to the nonmoving party. *Kosman v. State*, 199 Ariz. 184, 16 P.2d 211 (App. 2000).

¶3        In his complaint, Barth stated he began working for the Cochise County Sheriff's Department as a deputy sheriff in 1986. In February 1998, he was promoted to the rank of sergeant. Following his promotion, Barth alleged he was unfairly and disproportionately disciplined on multiple occasions for minor violations of various departmental policies, including inadequately supervising subordinates, kissing a woman who was not his wife while he was in uniform and in public, and driving his patrol car through a car wash while transporting a prisoner.

¶4        In December 2001, the county notified Barth that it intended to demote him. Barth contested the decision, and the county subsequently revised its position and instead suspended him for two weeks without pay, required him to forfeit twenty-four hours of annual leave, and placed him on a 180-day special observation period. At the end of the special observation period, the county informed Barth he lacked the qualities required to be

4

a supervisor and issued a second notice that it intended to demote him. Barth was demoted to deputy sheriff in August 2002.

¶5 On October 16, 2002, Barth served the clerk of the county board of supervisors with a letter entitled "Notice of Claim." In it, Barth alleged the county had subjected him to harassment, retaliation, retribution, and interference and that one supervisor had made defamatory remarks about him. He served the clerk with an updated version of the same letter on November 19. Both letters stated Barth had suffered an estimated $500,000 in damages and offered to settle his case for $150,000.

¶6 On February 11, 2003, Barth sent a letter to a deputy Cochise County attorney, alleging he had been constructively discharged from his position. On March 28, 2003, he resigned from the sheriff's department and, on September 3, 2003, filed his multicount complaint.

¶7 The trial court granted the defendants' motion to dismiss the constructive discharge count on the ground that Barth had failed to file a proper notice of claim. After the court also denied a motion for reconsideration, the defendants filed an application for attorney fees and a supporting affidavit. The court eventually dismissed all counts that had not been withdrawn or dismissed previously and awarded Cochise County $4,254 in attorney fees, giving rise to this appeal.

**Discussion**

¶8 Barth contends the trial court erred in dismissing his constructive discharge claim, arguing § 23-1502 supersedes § 12-821.01 with respect to the constructive discharge of county employees so that Barth was therefore not required to comply with § 12-821.01. We review questions of law involving statutory construction and interpretation *de novo. Open Primary Elections Now v. Bayless*, 193 Ariz. 43, 969 P.2d 649 (1998).

¶9 Section 12-821.01(A) requires a person who has a claim against a county to file the claim with the board of supervisors within 180 days "after the cause of action accrues." Any claim not filed within that time "is barred and no action may be maintained thereon." *Id*. The purpose of this statute is to give an agency notice of a claim, an opportunity to assess the claim and the potential for liability, and a chance to settle the claim before an action is filed in court. *Andress v. City of Chandler*, 198 Ariz. 112, 7 P.3d 121 (App. 2000); *Mammo v. State*, 138 Ariz. 528, 675 P.2d 1347 (App. 1983); *State v. Brooks*, 23 Ariz. App. 463, 534 P.2d 271 (1975).

¶10 A notice of claim "shall contain facts sufficient to permit the public entity or public employee to understand the basis upon which liability is claimed." § 12-821.01(A). That is, it must contain enough information to allow the entity to investigate the merits of the claim and assess its potential for liability. *Brooks*. Moreover, a claim must be presented and disallowed before the claimant may bring an action. *Mammo; see also Grimm v. Ariz. Bd. of Pardons & Paroles*, 115 Ariz. 260, 564 P.2d 1227 (1977). If a party fails to comply with

6

all the requirements of the statute, the party's claim is barred. *See Crum v. Superior Court*, 186 Ariz. 351, 922 P.2d 316 (App. 1996) (failure to include all claims and settlement amount in notice letter bars claim); *Tyron v. Avra Valley Fire Dist.*, 659 F. Supp. 283 (D. Ariz. 1986); *see also State v. Barnum*, 58 Ariz. 221, 118 P.2d 1097 (1941) (state cannot be sued except upon its own terms and conditions).

¶11        In contrast to § 12-821.01, § 23-1502—part of Arizona's Employment Protection Act, A.R.S. §§ 23-1501 and 23-1502—sets out the procedural requirements for bringing a constructive discharge action. Before an employee may bring such a claim, the employee must "[n]otify an appropriate representative of the employer, in writing, that a working condition exists that the employee believes is objectively so difficult or unpleasant that the employee feels compelled to resign . . . ." § 23-1502(B)(1). The employee must give the employer "fifteen calendar days to respond in writing" and must "[r]ead and consider the employer's response." § 23-1502(B)(2), (3). If the employee reasonably believes he or she cannot continue to work during the fifteen-day response period, the employee "is entitled to a paid or unpaid leave of up to fifteen calendar days or until the time when the employer has responded" to the employee's notification, "whichever occurs first." § 23-1502(C).

¶12        In *Pima County v. Maya Construction Co.*, 158 Ariz. 151, 155, 761 P.2d 1055, 1059 (1988), our supreme court held:

> [R]epeal of statutes by implication is not favored in the law. In *State ex rel. Larson v. Farley*, 106 Ariz. 119, 471 P.2d 731 (1970), we held that if it is reasonably practical, a statute should

7

be explained in conjunction with other statutes to the end that they may be harmonious and consistent; and, if statutes relate to the same subject and are thus *in pari materia*, they should be construed together with other related statutes as though they constituted one law. Unless a statute, from its language or effect, clearly requires the conclusion that the legislature must have intended it to supersede or impliedly repeal an earlier statute, courts will not presume such an intent. Also, when reconciling two or more statutes, courts should construe and interpret them, whenever possible, in such a way so as to give effect to all the statutes involved.

(Citation omitted.) Thus, if it is possible to construe A.R.S. §§ 12-821.01 and 23-1502 so that both can be given effect, this court must do so.

¶13 Barth asserts that "giving effect to § 12-821.01, with respect to a public employee, negates the purpose and effect of § 23-1502." But the two statutes clearly serve different purposes and, as the state points out, apply to different stages of different proceedings. As noted above, § 23-1502 is part of the Employment Protection Act and sets out a procedure by which an employee, while still employed, can notify the employer of inhospitable working conditions. It provides the employer a chance to investigate an employee's complaint and correct adverse working conditions and practices before the employee resigns. § 23-1502(B). Before an employee may file a constructive discharge action, the employee must first have given the employer an opportunity to address the issue. *See id*.

¶14 In the case of a public employer, the employee must also satisfy § 12-821.01 before filing a lawsuit. That is, within 180 days of when the cause of action arises, the

8

employee must serve a notice of claim on those persons authorized to receive service for the employer. Contrary to Barth's assertion, nothing about this procedure appears to "contradict" or conflict with § 23-1502. Indeed, Barth acknowledges "[i]t is possible for a public employee to comply with both [statutes]," but he then baldly contends "it is not reasonably possible for a public employer to be subject to both statutes, as only the requirements of A.R.S. § 12-821.01 survive the conflict between the statutes." He provides no authority or support for that argument other than pointing to differences in the statutes and generally citing A.R.S. § 1-245, which may be applicable when a later statute conflicts with an earlier one.[3] Barth's final admonition that "requiring a public employee to comply with both statutes is to mandate two separate jurisdictional prerequisites for suit" is of no moment.

¶15 Barth has failed to demonstrate any actual conflicts between the statutes, and we see none. Because both laws can readily be construed in such a way that both may be given effect, *see Maya Construction*, we conclude § 23-1502 does not have any effect on § 12-821.01, at least under the facts of this case. Thus, Barth was required to comply with the terms of both statutes before filing a constructive discharge action against his employer.

¶16 Having reached this conclusion, we consider whether Barth met the requirements of both statutes. The record shows he, at least arguably, complied with

---

[3]Barth also makes some oblique assertions that are difficult to comprehend. For example, he states, "unless the legislature intended to require that a public employee, and not a private employee, be subject, and comply with, both A.R.S. § 12-821.01 and A.R.S. § 23-1502, with all the time limits of A.R.S. § 23-1502 extended by A.R.S. 12-821.01, and no possible waiver thereof, as with A.R.S. 12-821.01, then they can be construed together."

9

§ 23-1502. The letter he sent to the county attorney on February 11, 2003, gave his employer written notice of the working conditions Barth believed were intolerable.[4] Although he did not state his intent to resign if those conditions were not corrected, that intent was inferable, and the county has not argued otherwise. The record does not contain any response to Barth's letter, but it appears he substantially fulfilled his obligations under the statute before he resigned.

¶17 Barth failed, however, to serve a valid notice of claim on the board of supervisors, as the county showed by the affidavit of the clerk of the board of supervisors stating that Barth had not served her with a notice of claim pertaining to his complaint. Although the two letters Barth had submitted in October and November 2002 described some of the events giving rise to his constructive discharge claim, listed his estimated damages, and made an offer to settle, they did not and could not include sufficient facts for the county to investigate and address the claim because, as the county points out, no discharge, constructive or otherwise, had yet occurred. As the trial court noted:

> An action against Cochise County cannot be maintained by Mr. Barth unless Mr. Barth served a notice of claim upon the board of supervisors within 180 days after his causes of action accrued. After means after. The February 11, 2003, "hostile work environment" letter to defense counsel does not satisfy A.R.S. 12-821.01. It was not served upon the board of

---

[4]Although this letter should have been sent to Barth's employer, the sheriff or his representative, *see* A.R.S. § 23-1502(B)(1), the county has not supported its suggestion that the required notification was not "filed in the right place."

> supervisors or the clerk, it did not list a sum certain, and it certainly didn't comply with § 12-821.01.
>
> The Court agrees that Cochise County knew Mr. Barth had left its employment and sought work elsewhere. Such knowledge, however, does not rise to the level required by A.R.S. § 12-821.01 which is unambiguous and very clear.

We agree that the letters Barth submitted before his cause of action had accrued did not comply with the requirements of the statute, insufficiently apprising the county of his claim, of the county's potential liability, and of any meaningful opportunity for settling the claim before the action was filed.[5] *See Mammo.* Consequently, the trial court properly found Barth's constructive discharge claim barred under § 12-821.01.

## Attorney Fees

¶18 Barth contends the trial court erred in awarding attorney fees to Cochise County pursuant to A.R.S. § 12-341.01(A). Specifically, he argues that, because the county's affidavit failed to disclose how it determined its hourly rate for attorney fees, the court erred in awarding fees. We review an award of attorney fees for abuse of discretion, *Associated Indemnity Corp. v. Warner*, 143 Ariz. 567, 694 P.2d 1181 (1985), and will affirm if the award has any reasonable basis. *Radkowsky v. Provident Life & Accident Ins. Co.*, 196 Ariz. 110, 993 P.2d 1074 (App. 1999).

¶19 Public entities that are successful parties in a lawsuit may recover attorney fees for certain claims, including constructive discharge, under § 12-341.01(A). *Lacer v. Navajo*

---

[5]Barth has not raised or suggested any theory or authority under which a premature notice of claim would comport with § 12-821.01 and we therefore do not consider that issue.

11

*County*, 141 Ariz. 392, 687 P.2d 400 (App. 1984). When a prevailing party submits an affidavit specifying the amount of attorney fees incurred on a case, the affidavit should include the hourly rate, the dates on which services were provided, the names of the persons who performed the services, what services were rendered, and the number of hours spent performing each one. *Schweiger v. China Doll Rest.*, 138 Ariz. 183, 673 P.2d 927 (App. 1983). In calculating the hourly rate, a public entity may determine the share of an attorney's salary allocable to the case based on time expended plus allocated shares of office space, support staff, office equipment and supplies, law library, and continuing legal education. *Lacer*. Finally, the prevailing party must "provide the court a 'reasonable basis' for its stated hourly cost." *Id.* at 396, 687 P.2d at 404.

¶20     In this case, Cochise County filed an affidavit of attorney fees that stated:

> The actual cost of the legal services which I rendered in this case, including my hourly rate of pay, the reasonable costs of associated support staff, the costs of equipment and materials allocated to this effort, administrative costs, and other direct and indirect costs incurred by the County, is in the sum of Fifty Two Dollars and Fifty Two Cents ($52.52) per hour.

The affidavit further showed the name of the attorney performing the services, the dates on which services were performed, the nature of the services performed, and the number of hours spent performing each. Because the affidavit set forth a reasonable basis for the county's hourly cost and complied with the guidelines set forth in *China Doll*, we cannot say the trial court abused its discretion in awarding fees to the county. *See Orfaly v. Tucson Symphony Soc'y*, 209 Ariz. 260, 99 P.3d 1030 (App. 2004) (rejecting appellant's sufficiency

12

challenge to attorney fee award because affidavit complied with *China Doll* guidelines); *Lacer* (because individual method for calculating fees will inevitably vary from agency to agency, affidavit need only give court reasonable basis for awarding fees).

**Disposition**

¶21　　　　We find no conflict between the constructive discharge statute, § 23-1502, and the notice of claim statute, § 12-821.01.　Because Barth failed to comply with the requirements of § 12-821.01, the trial court properly dismissed his constructive discharge claim against the Cochise County Sheriff.　Further, the court did not abuse its discretion in awarding attorney fees to the county.　Accordingly, we affirm the dismissal of Barth's complaint and the award of fees.　The county is awarded its reasonable attorney fees on appeal pursuant to § 12-341.01, upon compliance with Rule 21, Ariz. R. Civ. App. P., 17B A.R.S.

_____
PHILIP G. ESPINOSA, Judge

CONCURRING:

_____
PETER J. ECKERSTROM, Presiding Judge

_____
J. WILLIAM BRAMMER, JR., Judge

13