IN THE COURT OF APPEALS
STATE OF ARIZONA
DIVISION TWO

| | |
|---|---|
| CAROLYN HARRIS and MARY WILSON, dba ANGEL TEAM HOME CARE, L.L.C., | ) ) ) ) |
| Plaintiffs/Appellants, | ) ) |
| v. | ) ) |
| COCHISE HEALTH SYSTEMS, an administrative agency of Cochise County, Arizona and a division of COCHISE COUNTY HEALTH AND SOCIAL SERVICES; COCHISE COUNTY, State of Arizona; COCHISE COUNTY BOARD OF SUPERVISORS; and DENISE PEDERSON, | ) ) ) ) ) ) ) ) ) ) ) ) |
| Defendants/Appellees. | ) ) ) |

2 CA-CV 2006-0193
DEPARTMENT B

O P I N I O N

APPEAL FROM THE SUPERIOR COURT OF PIMA COUNTY

Cause No. C20045172

Honorable Carmine Cornelio, Judge
Honorable Michael O. Miller, Judge

AFFIRMED

Snell & Wilmer L.L.P.
  By Gerald F. Giordano, Jr.

Tucson
Attorneys for Plaintiffs/Appellants

Jellison Law Offices, PLLC
  By James M. Jellison                                                    Phoenix
                                                    Attorneys for Defendants/Appellees

---

E C K E R S T R O M, Presiding Judge.

¶1      Plaintiffs/appellants Carolyn Harris and Mary Wilson, doing business as Angel Team Home Care, L.L.C. (Angel Team), appeal from the dismissal of its complaint and subsequent amended complaint against Cochise Health Systems, Cochise County, Cochise County Board of Supervisors, and Denise Pederson (CHS). The trial court dismissed Angel Team's contract and tort claims on the ground that Angel Team had failed to exhaust administrative remedies. The trial court also dismissed Angel Team's complaint against defendant Denise Pederson on the ground that Angel Care had failed to provide Ms. Pederson sufficient notice of its claim against her. Although the court had allowed Angel Team to amend its complaint after each dismissal and the court had denied CHS's motion to dismiss Angel Team's second amended complaint on all but one tort claim, ultimately Angel Team voluntarily dismissed the remaining claims with prejudice, seeking appellate relief from the trial court's earlier rulings. Angel Team now challenges the dismissals of its original complaint and first amended complaint, arguing the trial court erred in finding that Angel Team had failed to exhaust its claims administratively with CHS before seeking judicial review. It also argues that the trial court erred in dismissing Pederson as a defendant because, *inter alia*, it provided sufficient notice to her. For the following reasons, we affirm.

2

**BACKGROUND**

¶2 In reviewing a trial court's decision to dismiss a claim, we accept as true all facts asserted in the complaint. *See Baker v. Rolnick*, 210 Ariz. 321, ¶ 14, 110 P.3d 1284, 1287 (App. 2005). Angel Team contracted with Cochise Health Systems, a division of Cochise County Health and Social Services, directed by Denise Pederson, to provide home health care for the elderly in Cochise County. In return, Angel Team received Arizona Health Care Cost Containment System (AHCCCS) funds.

¶3 Beginning in December 2002 and continuing through to the filing of this lawsuit, CHS refused to pay Angel Team for its services, claiming that Angel Team was billing the agency incorrectly and its billing exceeded the authorized amount. Without payment from CHS, Angel Team was forced to use its reserve monies to pay over 120 employees. Angel Team addressed its concerns to an AHCCCS administrator, who recommended that CHS pay Angel Team, but CHS continued to withhold payment. CHS threatened to sue Angel Team for defamation after Angel Team told its employees that it was having financial difficulties because of CHS's failure to pay. CHS then began telling Angel Team's employees to leave the company and work for competitors and published false information that Angel Team was bankrupt. On March 3, 2003, CHS notified Angel Team that it was terminating its contract. In response, Angel Team filed this action against CHS in Cochise County Superior Court on October 9, 2003, alleging breach of contract,

3

defamation, and tortious interference with contract. On March 23, 2004, the action was transferred to Pima County Superior Court.

**¶4** CHS moved to dismiss the complaint, arguing that Angel Team had failed to pursue the grievance procedure mandated by the relevant statute, regulations and its contract with CHS. CHS also argued that the court should dismiss Pederson as a defendant because Angel Team had failed to serve her with an individualized notice of claim, as required by A.R.S. § 12-821.01(A). Angel Team countered that it "repeatedly [had] met the requirements of the grievance procedure by notifying Defendant CHS of its complaints," and that the tort claims were not an "adverse action, decision or policy" the grievance policy was designed to handle. It also maintained that it had properly served Pederson because her name was listed as the statutory agent on the notice of claim served upon CHS, and "she undoubtedly knows who she is."

**¶5** The trial court granted the motion to dismiss the complaint as to Pederson, finding a lack of compliance with § 12-821.01. Then, following oral arguments and supplemental briefing, the court granted the motion to dismiss the complaint as to CHS, finding Angel Team had failed to exhaust its administrative remedies. Specifically, it found AHCCCS had primary jurisdiction over the breach of contract claim and any torts "inextricably intertwined" with contract claims and that Angel Team had not satisfied the grievance procedure set forth by statute and in AHCCCS Rules and Regulations before filing those claims. It granted Angel Team leave to amend its complaint to set forth "tort claims

4

that are not related to the performance of the contract," or to clarify how those claims were not intertwined and dependent on the contract issues.

¶6        Angel Team amended its complaint, removing the breach of contract claim and inserting a new tort claim for intentional/negligent infliction of emotional distress.  CHS again moved to dismiss, arguing the amended complaint made "clear that *all* allegations of tortious conduct arise out of [CHS's] alleged decisions to withhold contract payments and/or to terminate the contract."  On July 11, 2005, the trial court again dismissed the claims with leave to amend, ordering Angel Team to "address with specificity, in separate counts, the claims of the individuals versus the claims of the entity."  Angel Team amended its complaint for a second time and CHS filed yet another motion to dismiss.  On September 27, 2005, the court granted the motion only as to the portion of the complaint alleging negligent infliction of emotional distress, denying the remainder of the motion.  Almost a year later, the parties stipulated to the dismissal of the remaining claims with prejudice.  This appeal followed.

### APPELLATE JURISDICTION

¶7        Although neither party asserts that this court lacks jurisdiction to consider the appeal before us, we may examine our jurisdiction *sua sponte.  See Salerno v. Atlantic Mut. Ins. Co.*, 198 Ariz. 54, ¶ 9, 6 P.3d 758, 761 (App. 2000).  In fact, "[t]his court has the duty to review its jurisdiction and, if jurisdiction is lacking, to dismiss the appeal."  *Davis v. Cessna Aircraft Corp.*, 168 Ariz. 301, 304, 812 P.2d 1119, 1122 (App. 1991); *see also*

5

*Musa v. Adrian*, 130 Ariz. 311, 312, 636 P.2d 89, 90 (1981) ("Even though the parties do not raise the issue, the appellate court must determine that it has jurisdiction.").

**¶8**         Generally, appellate court jurisdiction is "limited to final judgments which dispose of all claims and all parties." *Musa*, 130 Ariz. at 312, 636 P.2d at 90; *see also* A.R.S. § 12-2101(B). Additionally, this court may only take an appeal from a "party aggrieved by the judgment." Ariz. R. Civ. App. P. 1, 17B A.R.S. "For appellant to qualify as an aggrieved party, the judgment must operate to deny her some personal or property right or to impose a substantial burden upon her." *In re Gubser*, 126 Ariz. 303, 306, 614 P.2d 845, 848 (1980). And, "[a]ppellant can appeal from only that part of the judgment by which she is aggrieved." *Id.*

**¶9**         Pursuant to the parties' stipulation, the trial court dismissed with prejudice Angel Team's remaining tort claims in the second amended complaint. The judgment was final. *See Meloy v. Saint Paul Mercury Indem. Co.*, 72 Ariz. 406, 408, 236 P.2d 732, 733 (1951) (judgment dismissing action is final and appealable). The question we must answer here is whether, by voluntarily dismissing its remaining claims and thereby acquiescing to the final judgment, Angel Team is an aggrieved party who may appeal the judgment. We are aware of no Arizona case directly addressing this question.[1]

---

[1]Although some Arizona cases are procedurally similar to the one before us, the courts there did not address their jurisdiction. *See Barth v. Cochise County*, 213 Ariz. 59, ¶ 1, 138 P.3d 1186, 1187 (App. 2006) (court considered claim that trial court had erred in dismissing complaint after parties stipulated to dismiss remaining claims); *Hislop v. Salt River Project Agric. Improvement & Power Dist.*, 197 Ariz. 553, ¶¶ 6-8, 5 P.3d 267, 268

¶10　　　　Other courts addressing the question have adopted a variety of approaches. Some analyze the question in terms of whether the dismissal was voluntary or involuntary, precluding appeal when the dismissal occurred at the appellant's request. *See, e.g., Kelly v. Great Atl. & Pac. Tea Co.*, 86 F.2d 296, 297 (4th Cir. 1936) ("[A]lthough a voluntary nonsuit is a final termination of the action, it has been entered at the request of plaintiff, and he may not, after causing the order to be entered, complain of it on appeal."); *Francisco v. Chicago & A.R. Co.*, 149 F. 354, 355 (8th Cir. 1906) (judgment of nonsuit with consent of plaintiff not reviewable because if court erred, it was at plaintiff's request); *but cf., Marlboro Cotton Mills v. O'Neal*, 103 S.E. 781, 782 (S.C. 1920) (nonsuit requested by plaintiff "was the inevitable consequence of a ruling adverse to plaintiff's contention, and by that circumstance it was made involuntary").

¶11　　　　In other jurisdictions, whether the dismissal was voluntary or involuntary is immaterial because either can be viewed as an appropriate means of obtaining expeditious appellate review of a dismissed complaint. *See, e.g., Concha v. London*, 62 F.3d 1493, 1507 (9th Cir. 1995) (voluntary dismissal with prejudice permits appellate court to review

---

(App. 2000) (same). Other cases suggest that a party's voluntary dismissal with prejudice acts as a consent judgment over which an appellate court has no jurisdiction. *See R.L. Harris & Co. v. Houck*, 22 Ariz. 340, 341, 197 P. 575, 575 (1921) (appellate jurisdiction would not exist if appellant, rather than appellee, had requested court dismiss claims with prejudice); *see also Osuna v. Wal-Mart Stores, Inc.*, 214 Ariz. 286, ¶¶ 12-13, 151 P.3d 1267, 1271-72 (App. 2007) (where appellant voluntarily dismissed all claims without prejudice and abandoned rights to refile action, claims she consented to dismiss were precluded).

action adverse to plaintiff's interests because "the plaintiff submits to a judgment that serves to bar his claims forever"); *Studstill v. Borg Warner Leasing*, 806 F.2d 1005, 1008 (11th Cir. 1986) (recognizing appellate jurisdiction over voluntary dismissal "to expedite review of an order which had in effect dismissed appellant's complaint"); *Raceway Properties, Inc. v. Emprise Corp.*, 613 F.2d 656, 657 (6th Cir. 1980) (judgment below appealable because "appellants [sic] solicitation of the formal dismissal was designed only to expedite review of an order which had in effect dismissed appellants' complaint").

¶12        We find the reasoning of the Second Circuit Court of Appeals the most applicable here.  In *Empire Volkswagen Inc. v. World-Wide Volkswagen Corp.*, 814 F.2d 90 (2d Cir. 1987), the plaintiffs believed their claims had been unduly limited by the trial court's granting partial summary judgment against them and voluntarily dismissed their remaining claims.  *Id.* at 93-94.  The court held that appellants could contest only those portions of the trial court's order that were decided adverse to them, but that did not include "any matters that were voluntarily dismissed." *Id.* at 94.  Relying on *Studstill*, the court reasoned that plaintiffs had two choices following the grant of summary judgment. *Empire Volkswagen*, 814 F.2d at 94.  They could continue to litigate their remaining claims and ultimately appeal all of the trial court's rulings at once, or they could abandon their claims for the right to immediately appeal the adverse ruling against them. *Id.*  They could not do both. *Id.*  By choosing the latter option, they risked forever losing the opportunity to advance any matters that were voluntarily dismissed. *Id.* at 95.

8

¶13 In the case at hand, Angel Team appeals the dismissals of its original complaint and first amended complaint, in addition to the dismissal of defendant Pederson. Although Angel Team does not purport to appeal the dismissal of its second amended complaint—a dismissal with prejudice to which it voluntarily stipulated, it nonetheless seeks appellate relief from the court's earlier dismissal of the same tort claims found therein.

¶14 Specifically, Angel Team asserted claims of tortious interference with a contractual relationship and defamation per se in its original and amended complaints. To accommodate the court's prior rulings, it added an additional count of intentional/negligent infliction of emotional distress in the first and second amended complaints. Even though Angel Team revised its strategy in relation to its tort claims in its second amended complaint pursuant to the trial court's order, it cannot now claim to be aggrieved by the court's previous dismissals of those claims when it eventually stipulated to their permanent dismissal. Notably, Angel Team had the option of litigating the tort claims remaining in the second amended complaint, albeit within the limits imposed by the trial court's rulings, and thereafter appealing the trial court's previous rulings in full. Thus, we conclude Angel Team is precluded by its own voluntary actions from further appealing the dismissal of those tort claims remaining in the second amended complaint at the time of the stipulation.

¶15 Under the reasoning of *Empire Volkswagen*, however, we also conclude Angel Team is aggrieved by the trial court's dismissal of its contract claims and its claims against Pederson, claims not among those Angel Team voluntarily dismissed with prejudice.

Therefore, consistent with this court's accepting jurisdiction of the involuntarily dismissed claims in *Barth v. Cochise County*, 213 Ariz. 59, ¶ 1, 138 P.3d 1186, 1187 (App. 2006), and *Hislop v. Salt River Project Agricultural Improvement & Power District*, 197 Ariz. 553, ¶¶ 6-8, 5 P.3d 267, 268 (App. 2000), we have jurisdiction to address those matters.

**WAIVER**

¶16 CHS maintains we need not address most of Angel Team's contentions because Angel Team now challenges the trial court's dismissal of its first two complaints on grounds different than those it asserted below. CHS contends Angel Team conceded below it was required to exhaust all administrative remedies, but argued that by voicing its complaints to AHCCCS it had constructively satisfied that requirement. On appeal, however, Angel Team asserts that, contrary to the trial court's ruling dismissing its complaints, it had no duty to exhaust administrative remedies because the grievance procedure set forth in statute, regulation and its contract, was permissive rather than mandatory.

¶17 Generally, "an appellate court will not consider issues not raised in the trial court." *Hawkins v. Allstate Ins. Co.*, 152 Ariz. 490, 503, 733 P.2d 1073, 1086 (1987). Although this rule is one of procedure, not jurisdiction, it is "established for the purpose of orderly administration and the attainment of justice." *Id.* Our court has observed that the consideration of belatedly urged issues undermines "sound appellate practice," *id.*, and violates the interests of the party against whom the claim is newly asserted on appeal.

10

*Stokes v. Stokes*, 143 Ariz. 590, 592, 694 P.2d 1204, 1206 (App. 1984); *see also Chilton v. Center for Biological Diversity, Inc.*, 214 Ariz. 47, ¶ 11, 148 P.3d 91, 96 (App. 2006) (argument waived on appeal when not briefed at trial court level and trial court had no opportunity to consider it). Thus, although Arizona appellate courts have the discretion to hear arguments first raised on appeal, we rarely exercise that discretion. *See, e.g., Hawkins*, 152 Ariz. at 503, 733 P.2d at 1086.

¶18 Without question, the thrust of Angel Team's argument to the trial court focused on its contention that it had complied with the grievance process and thereby had exhausted its remedies. Nonetheless, Angel Team now maintains that it also "argued squarely that its claims were not covered by any grievance procedures" and that it did so in its response to CHS's motion to dismiss as follows:

> The fact is, that even if this Court determines that the Plaintiffs somehow failed to follow the grievance process, Plaintiffs' claims are not covered by AHCCCS grievance requirements and must, therefore, be permitted to proceed.
>
> The termination of the contract is not an 'adverse action, decision or policy' that falls within the terms of the Grievance Policy. Defendants are estopped from canceling a contract, and then requiring the Plaintiffs to abide by the terms of that same contract.

Notably, however, Angel Team made the above argument solely in the context of contending that its *tort* claims were outside the scope of the grievance policy requirements. Moreover, Angel Team does not now argue on appeal that its claims were outside the scope of the grievance policy requirements. Instead, it contends that the grievance procedure did not

11

apply to any of its claims—including its contract claims—because the procedure itself was permissive rather than mandatory. Nor can we overlook that Angel Team expressly conceded to the trial court that the grievance procedure was mandatory, a concession that belies the position set forth in its appellate briefs that it squarely contested that question administratively. Because Angel Team never provided the trial court the opportunity to address its argument that the grievance process was permissive rather than mandatory, that contention has not been preserved for appellate review.[2]

¶19            Angel Team maintains that, even if it failed to squarely present to the trial court the argument it now asserts on appeal, we should nonetheless exercise our discretion to address that argument on its merits. To support this request, Angel Team relies on *Liristis v. American Family Mutual Insurance Co.*, 204 Ariz. 140, ¶ 11, 61 P.3d 22, 25 (App. 2002). There, Division One exercised its discretion to address a specific argument relating to an insurance coverage issue that had not been raised to the trial court. *Id.* ¶ 10. In so doing, it observed that the waiver rule is procedural rather than jurisdictional and that our appellate court may therefore "forego application of the rule when justice requires." *Id.* ¶ 11.

---

[2]We note that Angel Team had ample opportunity to raise this issue in the trial court. As we noted above, CHS moved three times to dismiss Angel Team's complaint. Each time Angel Team had the chance to respond. Before ruling on CHS's first motion to dismiss, the court conducted a hearing and ordered supplemental briefing.

**¶20**　　　The court pointed to several factors that prompted it to address the merits of the new argument in the context of the specific case before it. It observed that the new argument related to a coverage issue that it was required to address and, under such circumstances, "the court has discretion to read and interpret the policy correctly and is not necessarily limited to the arguments made by the parties." *Id.* ¶ 10. Comparing the coverage question before it to a statutory interpretation issue, *id.* n.3, it emphasized that the new argument was dispositive of the legal issue before it and was necessary to correctly explain the law. *Id.* ¶ 11. It also observed that the new argument had been briefed and argued extensively at the appellate level and therefore the opposing party could make no claim of surprise. *Id.* Finally, the court acknowledged a potential difference between a party raising an entirely new issue on appeal and merely adding an additional argument to an issue otherwise fully litigated at the trial court. *Id.* ¶ 9.

**¶21**　　　Angel Team maintains that its argument similarly raises pure questions of law concerning the interpretation of statutes, regulations and contract interpretation. But, unlike the scenario in *Liristis*, Angel Team has exclusively relied on its waived argument as grounds to seek appellate relief from the trial court's dismissal of its first two complaints. Thus, in declining to address that argument, we do not risk incorrectly interpreting a statute, regulation or contract. Instead, we need not address those questions at all. Nor is Angel Team correct that a finding in its favor exclusively involves pure questions of law. CHS contends that, regardless of whether the statute and regulation rendered the grievance

13

process a condition precedent to filing an action, Angel Team was required by its contract with CHS to abide by that process. In this context, to the extent any relevant contract term might be ambiguous, CHS could have developed further facts regarding the parties' respective understandings of those terms. Thus, we arguably lack a complete record to address the issue Angel Team has raised for the first time on appeal.

¶22 Finally, Angel Team emphasizes that we should exercise our discretion to reach its argument on the merits because it has been fully briefed on appeal. But we are not persuaded that this provides a compelling reason to overlook its waiver of the claim. In general, appellees should not be exposed to the risk that they will revive arguments waived by appellants at the trial court level merely because they have answered those arguments on the merits. Hypothetically, an appellate court might draw a different conclusion than an appellee about whether a particular argument has been properly raised. And, as *Liristis* illustrates, this court will, under extraordinary circumstances, reach an issue notwithstanding its waiver. Thus, wise appellate practice counsels appellees to address arguably waived claims on their merits. We decline to punish appellees who do so by using that briefing as a reason to reach an otherwise waived claim.

¶23 For the foregoing reasons, we apply our standard practice when encountering arguments raised for the first time on appeal and decline to address Angel Team's well-briefed contention that it was not required by regulation, statute, or contract to exhaust its

administrative remedies before filing its contract claims against CHS. *See Hawkins*, 152 Ariz at 503, 733 P.2d at 1086.

## STATUTORY NOTICE OF CLAIM

**¶24** Angel Team lastly argues it gave timely notice to defendant Pederson and thus the trial court erred in granting CHS's motion to dismiss her from the action.[3] The trial court dismissed Pederson on the grounds Angel Team had failed to comply with A.R.S. § 12-821.01. When a trial court's decision to grant a motion to dismiss involves statutory interpretation, we review that decision *de novo*. *State v. Malvern*, 192 Ariz. 154, ¶ 2, 962 P.2d 228, 229 (App. 1998).

**¶25** The notice of claim statute sets forth the procedure for notifying public entities or their employees of claims against them:

> Persons who have claims against a public entity or a public employee shall file claims with the person or persons authorized to accept service for the public entity or public employee as set forth in the Arizona rules of civil procedure within one hundred eighty days after the cause of action accrues. The claim shall contain facts sufficient to permit the public entity or public employee to understand the basis upon which liability is claimed. The claim shall also contain a

---

[3]Angel Team alternatively contends the notice of claim statute, A.R.S. § 12-821.01, did not apply because it did not allege in its complaint that Pederson acted "within the course and scope of her employment." *See Crum v. Superior Court*, 186 Ariz. 351, 352, 922 P.2d 316, 317 (App. 1996) (claimant must give notice of claim to public employee when complained-of conduct committed "within the course and scope of employment"). Angel Team did not raise this argument in the trial court, however, and thus has waived it on appeal. *See Amparano v. ASARCO, Inc.*, 208 Ariz. 370, ¶ 13, 93 P.3d 1086, 1090 (App. 2004).

15

specific amount for which the claim can be settled and the facts supporting that amount. Any claim which is not filed within one hundred eighty days after the cause of action accrues is barred and no action may be maintained thereon.

§ 12-821.01(A). When a person asserts claims against a public entity and public employee, the person "must give notice of the claim to *both* the employee individually and to his employer." *Crum v. Superior Court*, 186 Ariz. 351, 352, 922 P.2d 316, 317 (App. 1996). The purpose of the statute is to allow the entity and employee the opportunity to "investigate and assess their liability, to permit the possibility of settlement prior to litigation and to assist the public entity in financial planning and budgeting." *Id.* "Compliance with the notice provision of § 12-821.01(A) is a 'mandatory' and 'essential' prerequisite to such an action. . . ." *Salerno v. Espinoza*, 210 Ariz. 586, ¶ 7, 115 P.3d 626, 628 (App. 2005). Failure to comply with the statute is not cured by actual notice or substantial compliance. *Falcon ex rel. Sandoval v. Maricopa County*, 213 Ariz. 525, ¶ 10, 144 P.3d 1254, 1256 (2006). Rather, plaintiff's failure "'bars *any* claim'" against the entity or employee. *Salerno*, 210 Ariz. 586, ¶ 7, 115 P.3d at 628, *quoting W. Corrs. Group, Inc. v. Tierney*, 208 Ariz. 583, ¶ 7, 96 P.3d 1070, 1072 (App. 2004).

¶26            CHS correctly observes that Angel Team did not satisfy the requirements of § 12-821.01(A) because it sent notice only to Cochise County, and that notice only named Pederson as the statutory agent, but did not refer "to her in the body of the Notice of Claim, and . . . [did not make] demand for money or settlement upon her." In the body of the notice, Angel Team repeatedly refers to "CHS officials," but does not once name Pederson.

16

Thus, nothing exists in the notice that would have alerted Pederson to the fact that a claim was being asserted against her. The most she could be expected to glean from this notice is that as CHS's statutory agent, she must receive process for it and forward it to the principal. *See Barlage v. Valentine*, 210 Ariz. 270, ¶ 25, 110 P.3d 371, 378 (App. 2005). The trial court did not err in dismissing her as a defendant.

### DISPOSITION

**¶27**        For the foregoing reasons, we affirm the trial court. CHS's request for reasonable attorney fees on appeal pursuant to A.R.S. § 12-341.01(A) is granted upon compliance with Rule 21, Ariz. R. Civ. App. P., 17B A.R.S. *See Barth v. Cochise County*, 213 Ariz. 59, ¶ 21, 138 P.3d 1186, 1192 (App. 2006).


_____
PETER J. ECKERSTROM, Presiding Judge

CONCURRING:


_____
J. WILLIAM BRAMMER, JR., Judge


_____
PHILIP G. ESPINOSA, Judge