**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LUIS ACOSTA, | No. 13-16993 |
| Plaintiff - Appellant, | D.C. No. 2:13-cv-00484-SRB |
| v. | |
| CITY OF PHOENIX; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Arizona
Susan R. Bolton, District Judge, Presiding

Submitted September 21, 2015[**]

Before:    REINHARDT, LEAVY, and BERZON, Circuit Judges.

Luis Acosta appeals from the district court's judgment dismissing his action

brought under Title VII and 42 U.S.C. § 1983 alleging constructive discharge and

other claims.  We have jurisdiction under 28 U.S.C. § 1291.  We review for an

abuse of discretion a dismissal for failure to comply with a court order, *Yourish v.*

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*Cal. Amplifier*, 191 F.3d 983, 989 (9th Cir. 1999), and we affirm.

The district court did not abuse its discretion by dismissing Acosta's action because Acosta failed to comply with the district court's order instructing him to file an amended complaint. *See id.* at 990 (discussing the five factors for determining whether to dismiss for failure to comply with a court order); *see also Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1065 (9th Cir. 2004) (explaining that a plaintiff's failure to amend his complaint or notify the court of his intent to stand on an unamended complaint justifies dismissal under Fed. R. Civ. P. 41(b)).

The district court properly dismissed Acosta's constructive discharge claim because Acosta failed to allege facts sufficient to show that he complied with mandatory state notice requirements. *See Hebbe v. Pliler*, 627 F.3d 338, 341-34 (setting forth standard of review and explaining that although pro se pleadings are to be liberally construed, a plaintiff must still present factual allegations sufficient to state a plausible claim for relief); *see also Falcon ex rel. Sandoval v. Maricopa County*, 144 P.3d 1254, 1256 (Ariz. 2006) (en banc) ("Actual notice and substantial compliance do not excuse failure to comply with the statutory requirements of [Ariz. Rev. Stat.] § 12-821.01(A)."); *Barth v. Cochise County, Arizona*, 138 P.3d 1186, 1190 (Ariz. Ct. App. 2006) (compliance with the terms of both Ariz. Rev. Stat. §§ 23-1502 and 12-821.01 is required before filing a

13-16993

constructive discharge action against a public entity).  We reject Acosta's contentions that the district court's order dismissing his constructive discharge claim violated his due process rights.  *See Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc) ("For claims dismissed with prejudice and without leave to amend, we will not require that they be repled in a subsequent amended complaint to preserve them for appeal.").

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal.  *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

All pending motions and requests are denied.

**AFFIRMED.**

13-16993