NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In re the Matter of:

KEITH SMITH, *Petitioner/Appellant,*

*v.*

LASHANA LEWIS, *Respondent/Appellee.*

No. 1 CA-CV 17-0762 FC
FILED 8-9-2018

Appeal from the Superior Court in Maricopa County
No. FC2017-001477
The Honorable Ronee Korbin Steiner, Judge

**AFFIRMED**

APPEARANCES

Keith Smith, Lynwood, IL
*Petitioner/Appellant*

Lashana Lewis, Protected Address
*Respondent/Appellee*

---

**MEMORANDUM DECISION**

Judge Randall M. Howe delivered the decision of the Court, in which Presiding Judge Jennifer B. Campbell and Judge David D. Weinzweig joined.

---

**H O W E**, Judge:

**¶1**        Keith Smith ("Father") appeals various provisions of the family court's decree on his petition to establish legal decision-making and parenting time. He also appeals the family court's attorneys' fees and costs award to Lashana Lewis ("Mother"). For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

**¶2**        Father and Mother are the biological parents of K.S. born in March 2014. After living together in Illinois, Mother moved to Arizona with K.S. in summer 2015. Father led Mother to believe that he would also move to Arizona but instead remained in Illinois. After moving to Arizona, K.S. visited Father twice in Illinois and Father came to visit K.S. in Arizona in March 2016.

**¶3**        In February 2017, Father petitioned to establish legal decision-making and parenting time. Mother responded to Father's petition, requesting sole legal decision-making authority because of Father's alleged domestic violence issues and the current order of protection in effect against Father. Mother also requested that Father pay child support.

**¶4**        At a status conference, the court entered temporary orders requiring that (1) Mother and Father share legal decision-making, (2) Father undergo a domestic violence assessment, and (3) a court advisor be appointed. Father participated in the domestic violence assessment and the counselor recommended that Father attend twelve individual counseling sessions "due to the nature of the accusations, the admitted verbally abusive behaviors, the need to gain communication skills . . . and the ability to address any concerns that [Mother] has." The Court-Appointed Advisor ("CAA") interviewed Father and Mother and found that many of Mother's allegations against Father were unsubstantiated but that "Father's communication with Mother has at times been hostile, aggressive, and threatening."

¶5            In October 2017, the court held an evidentiary hearing on Father's petition. In its under advisement ruling, the court awarded Mother and Father joint legal decision-making. The court found that Father had committed domestic violence against Mother and others and that he had "engaged in a pattern of behavior for which a court could (and, in fact did) issue an *ex parte* order to protect Mother." As such, the court ordered that Father participate in twelve individual counseling sessions. Notwithstanding the domestic violence finding, the court ordered a parenting time schedule that would ensure that Father would have substantial, frequent, meaningful, and continuing contact with K.S. The court then prepared a child support worksheet and ordered Father to pay $734 per month effective October 2017 and $752 per month in past support from August 2015 through September 2017. Finally, the court granted Mother's request for half her attorneys' fees under A.R.S. § 25–324. The court found that no financial disparity between the parties existed but that Father acted unreasonably in the litigation by (1) failing to file a pretrial statement, (2) failing to produce exhibits before trial, (3) refusing to provide discovery despite reasonable requests, and (4) lying to Mother about certain items of discovery.

¶6            Father moved for reconsideration arguing that the court erred in calculating its child support award because it did not consider Father's child support obligations for his other children. The court denied Father's motion, ruling that Father failed to provide evidence contradicting the child support worksheet the court used to calculate child support. During this time, Mother's counsel submitted her attorneys' fees and costs affidavit. After the time for objection passed, the court awarded Mother $3,635.84 in attorneys' fees and costs. Father timely appealed.

## DISCUSSION

¶7            Father raises three issues in his opening brief.[1] Father contends that the court erred by requiring him to undergo twelve individual counseling sessions for his domestic violence "when there were no domestic violence findings" between the parties. That is not so. The family court specifically found that Father had committed domestic violence against Mother and others and that Mother had an order of

---

[1]        As a preliminary matter, Father's opening brief fails to comply with Arizona Rule of Civil Appellate Procedure ("ARCAP") 13(a). The opening brief does not reference the record or cite to any legal authority. *See* ARCAP 13(a)(7) (appellant's opening brief must contain citations of legal authorities and appropriate references to the record).

protection against Father. Because Father failed to provide this Court with the transcript of the evidentiary hearing, we assume the evidence supports the family court's findings. *See Kohler v. Kohler*, 211 Ariz. 106, 108 n.1 ¶ 8 (App. 2005). Additionally, although the CAA reported that many of Mother's allegations against Father were unsubstantiated, she noted that at times, Father's communications with Mother were hostile, aggressive, and threatening. Therefore, Father's argument is without merit.

**¶8**        Father next argues that the family court erred in calculating the child support award because it failed to consider his other child support obligations. "Generally, we review child support awards for abuse of discretion." *Engel v. Landman*, 221 Ariz. 504, 510 ¶ 21 (App. 2009). Father raised this issue with the family court in his motion for reconsideration and the court found that Father had failed to provide any evidence contradicting the financial information contained in the child support worksheet it used. Because we assume the transcript supports the family court's ruling and because Father did not present any contrary evidence, the trial court did not abuse its discretion.

**¶9**        Father argues for the first time on appeal that the court awarded attorneys' fees due to his failure to object to Mother's affidavit and that he failed to object because he never received the affidavit. Seven days after the court awarded Mother attorneys' fees, Father submitted to the trial court a scanned copy of an envelope from Mother's counsel's law firm that stated, "return to sender," as proof that he did not receive the affidavit in time to object. The next day, Father appealed to this Court. Because Father has not first raised this issue with the family court, we will not consider it. *See Harris v. Cochise Health Sys.*, 215 Ariz. 344, 349 ¶ 17 (App. 2007) ("Generally, an appellate court will not consider issues not raised in the trial court.").

## CONCLUSION

**¶10**        For the foregoing reasons, we affirm.



AMY M. WOOD • Clerk of the Court
FILED:  AA