No. 2--07--0154      Filed:  6-24-08

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| KARL DeVORE and DIANA DeVORE, | ) | Appeal from the Circuit Court |
| | ) | of Lake County. |
| Plaintiffs-Appellants, | ) | |
| | ) | |
| v. | ) | No.  04--MR--1425 |
| | ) | |
| AMERICAN FAMILY MUTUAL | ) | |
| INSURANCE COMPANY, | ) | Honorable |
| | ) | Raymond J. McKoski, |
| Defendant-Appellee. | ) | Judge, Presiding. |

JUSTICE McLAREN delivered the opinion of the court:

After a bench trial, plaintiffs, Karl and Diana DeVore, appeal from the trial court's judgment in favor of defendant, American Family Mutual Insurance Company, in this case involving alleged coverage for mold remediation of the DeVores' home.  On appeal, the DeVores contend that the trial court erred by: (1) determining that loss caused by mold was excepted from coverage under American Family's policy; and (2) determining that American Family's refusal to pay for the mold remediation was not vexatious and unreasonable under section 155 of the Illinois Insurance Code (215 ILCS 5/155 (West 2004)).  We affirm because the American Family policy clearly and unambiguously excluded the mold damage in this case.

FACTS

The following facts are taken from the record, including the parties stipulations at trial.  The DeVores filed a three-count complaint against American Family: count I sought a declaration of

coverage for mold remediation under the policy; count II alleged breach of contract; and count III sought attorney fees under section 155 of the Illinois Insurance Code (215 ILCS 5/155 (West 2004)). American Family filed a counterclaim seeking a declaration of no coverage for mold remediation under its policy.

On April 24, 2002, the DeVores bought a newly constructed home at 905 Woodland Drive in Antioch, Illinois. On or about December 18, 2003, while the DeVore family was out of town on vacation, the angle shut-off valve, which serviced the washing machine, ruptured. Water flowed into the laundry room, pantry, kitchen, living room, dining room, and basement, causing damage to these rooms. American Family paid for the replacement (including labor and construction costs) of the flooring, the base cabinets in the kitchen, and sections of drywall, including painting and baseboards.

The DeVores hired Safestart to test for mold and to formulate a remediation plan. They also hired Servicemaster to perform the tasks outlined in Safestart's remediation plan. Servicemaster was paid $10,435.47. American Family paid $2,600 of the Servicemaster bill, for "demolition." American Family did not pay Servicemaster for services related to the removal of "mold and/or its containment."

The American Family insurance policy in effect at the time the damage occurred contained the following provision:

"We do not cover loss to the property *** resulting directly or indirectly from or caused by one or more of the following. Such loss is excluded regardless of any other cause or event contributing concurrently or in any sequence to the loss.

\* \* \*

6. Other Causes of Loss:

* * *

(c) smog, rust, frost, condensation, <u>mold</u>, wet or dry rot[.]"   (Emphasis added.)

The trial court found that there was mold in the DeVores' house and that it was caused by the water event.   However, the trial court determined that the mold exclusion provision excluded coverage for the damage caused by the mold.   Accordingly, the trial court found against the DeVores on all counts of their complaint and in favor of American Family on its counterclaim for declaratory judgment.   The DeVores filed this timely appeal.

### ANALYSIS

We first address American Family's motion to strike certain statements contained in the fact section of the DeVores' appellants' brief.    The DeVores claim that the parties stipulated that the testing in their home indicated unsafe levels of mold.  However, the record does not contain such a stipulation.  In addition, the DeVores cite to no testimony in the record to support the claim that there was an unsafe level of mold in the home.  While there is evidence of mold, there is no evidence that the mold was at an unsafe level.  Therefore, these statements are stricken from the DeVores' brief.

We now address the merits of the case.  On appeal, the DeVores contend that the trial court erred by determining that loss caused by mold was excluded from coverage under American Family's policy.  The DeVores argue that the trial court refused to recognize a distinction between mold that results from an otherwise covered event and mold that results from some other source or event.

In construing an insurance policy, this court's main objective is to ascertain and give effect to the intent of the contracting parties. <u>Valley Forge Insurance Co. v. Swiderski Electronics, Inc.,</u>

223 Ill. 2d 352, 362 (2006). The insurer has the burden to affirmatively demonstrate the applicability of an exclusion. Pekin Insurance Co. v. Miller, 367 Ill. App. 3d 263, 267 (2006). Provisions that limit or exclude coverage must be construed liberally in favor of the insured and against the insurer. Pekin Insurance, 367 Ill. App. 3d at 267. However, where a policy provision is clear and unambiguous, its words must be given their plain, ordinary, and popular meanings. Rich v. Principal Life Insurance Co., 226 Ill. 2d 359, 371 (2007). A provision is ambiguous if it is subject to more than one reasonable interpretation, and it will then be construed in favor of the insured. Rich, 226 Ill. 2d at 371. However, courts will not strain to find an ambiguity where none exists. Rich, 226 Ill. 2d at 372.

The policy language in this case clearly and unambiguously excludes coverage for losses that resulted from mold caused by the water event at the DeVores' home. The policy does not cover "a loss to the property *** resulting directly or indirectly from or caused by *** mold." In addition, "[s]uch loss is excluded regardless of any other cause or event contributing concurrently or in any sequence to the loss." We do not understand how much clearer American Family could have been in excluding coverage relating to an event such as this one, wherein water caused damage to a home and created mold in the home. The DeVores argue that the mold damage was not a loss excluded under the policy but was damage caused by a covered loss, citing a case from the Arizona Court of Appeals, Liristis v. American Family Mutual Insurance Co., 204 Ariz. 140, 61 P.3d 22 (App. 2002). Accord Simonetti v. Selective Insurance Co., 372 N.J. Super. 421, 429, 859 A.2d 694, 698-99 (App. Div. 2004).

We first note that there are no Illinois cases addressing the issue of whether there is a distinction between mold resulting from an otherwise covered event and mold being the independent

cause of damage.  We also note that, while well-reasoned case law from foreign jurisdictions can be persuasive, it does not have binding authority on this court.  See American Freedom Insurance Co. v. Uriostegui, 366 Ill. App. 3d 1000, 1004 (2006); Kostal v. Pinkus Dermatopathology Laboratory, P.C., 357 Ill. App. 3d 381, 395 (2005).  With that in mind, we discuss Liristis.

In Liristis, the insured's home was damaged by fire, which was extinguished it by water. Mold then grew in the home.  The insured was covered by an American Family homeowner's policy with an exclusion provision identical to the one in this case.  The Arizona Court of Appeals held that "mold damage caused by a covered event is covered under the American Family policy in this case. On the other hand, losses caused by mold may be excluded." Liristis, 204 Ariz. at 143, 61 P.3d at 25.  The Arizona Court of Appeals explained that the exclusion language:

"[D]oes not exclude all mold. Rather, it excludes loss 'resulting directly or indirectly from or caused by' mold.  If American Family had intended to exclude not only losses caused by mold but also mold itself, it could have easily expressed that intention.  *** If American Family had added the words 'either consisting of, or ...' to its exclusionary language, then loss 'consisting of' mold as well as loss caused by mold would be subject to this restrictive language." Liristis, 204 Ariz. at 144, 61 P.3d at 26.

We respectfully reject this reasoning.  We are obligated to give the language in the policy in this case its plain, ordinary, and popular meaning (see Rich, 226 Ill. 2d at 371), and we do not believe that the meaning adopted by the Arizona Court of Appeals in Liristis follows that doctrine. Accord Atlantic Mutual Insurance Cos. v. Lotz, 384 F. Supp. 2d 1292, 1304 (E.D. Wis. 2005).  The court in Liristis merely notes the language in the exclusion provision that provides: "[s]uch loss is excluded regardless of any other cause or event contributing concurrently or in any sequence to the

loss." (Emphasis added.) Liristis, 204 Ariz. at 144, 61 P.3d at 26. Without further discussion, the Liristis court states that the meaning of this language will need to be determined. Liristis, 204 Ariz. at 146, 61 P.3d at 26. We believe that this language is clear and unambiguously indicates that a loss from mold from any cause at any time is excluded. The losses in this case were twofold: (1) water damage; and (2) mold damage. Under the plain terms of the policy, the former was covered and the latter expressly was not.

Because we have already determined that the trial court properly found that the loss caused by mold was not covered by the American Family policy, we need not address the trial court's finding that American Family's refusal to pay for the mold remediation was not vexatious and unreasonable under section 155 of the Illinois Insurance Code (215 ILCS 5/155 (West 2004)). The trial court properly found in favor of American Family and against the DeVores on all counts of their complaint.

For these reasons, the judgment of the circuit court of Lake County is affirmed.

Affirmed.

BOWMAN and ZENOFF, JJ., concur.