NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In re the Marriage of:

WILLIAM DAVID STEWART, *Petitioner/Appellee,*

*v.*

MARY STEWART, *Respondent/Appellant.*

No. 1 CA-CV 21-0442 FC
FILED 5-17-2022

Appeal from the Superior Court in Maricopa County
No. FN2018-093826
The Honorable Joan M. Sinclair, Judge

**REVERSED AND REMANDED**

COUNSEL

Horne Slaton PLLC, Scottsdale
By Sandra L. Slaton, Kristin M. Roebuck Bethell
*Counsel for Petitioner/Appellee*

Padish Law Group PLLC, Scottsdale
By James E. Padish, Erica Padish Conrad
*Counsel for Respondent/Appellant*

---

**MEMORANDUM DECISION**

Judge Peter B. Swann delivered the decision of the court, in which Presiding Judge Cynthia J. Bailey and Judge D. Steven Williams joined.

---

**S W A N N**, Judge:

¶1        In this dissolution action, the superior court awarded a commingled account and certain business interests purchased therefrom to the husband as his separate property.  We reverse those awards and remand for reallocation.  Because the separate and community contributions to the account were delineated, they retained their character and the account should have been allocated accordingly.  Further, because there was no evidence of transmutation, the community had a proportional interest in the investments funded by the account.

## FACTS AND PROCEDURAL HISTORY

¶2        When William David Stewart ("Husband") was a young child, his family created a Fidelity account, with investment and money-market sub-accounts, for his benefit under the Arizona Uniform Transfers to Minors Act ("the Act").  Husband's father acted as custodian of the account during Husband's childhood and continued to unilaterally control the account even after Husband became an adult.

¶3        Husband married Mary Stewart ("Wife") in November 2013, when he was twenty-two and she was sixteen.  During the marriage, Husband's father caused community funds to be deposited in the Fidelity account on several occasions.  Also during the marriage, and after the first community deposit, Husband's father used the account to purchase interests in five businesses: Cotton Lane Group, LLC; Gulf Mobile Home Park, LLC; Landings Resort, LLC; Sunshine RV Resort, LLC; and Sunny Grove MHP, LLC.  Wife was identified as a stakeholder alongside Husband in the operating agreement and a tax document from Cotton Lane Group.  Tax documents from other of the businesses listed Husband only.

¶4        Husband and Wife separated in December 2017, and Husband petitioned for dissolution in September 2018.  The parties disputed, among other things, whether the Fidelity account and the business interests purchased therefrom were separate or community

property. Husband retained an expert who opined that the business interests were funded by Husband's separate property because at the time of each purchase, the majority separate-property portion of the account's total cash value exceeded the purchase price whereas the minority community-property portion did not. Wife presented no expert testimony but challenged Husband's expert's methodology and argued that the commingling of separate and community property in the account transmuted it, and the investments therefrom, to community property.

¶5        The superior court denied Wife's motion in limine to preclude the expert's testimony, and he testified at trial. In the dissolution decree, the court concluded that there was "no evidence to support a finding that the Fidelity account was transferred to Husband," that Husband's expert was credible, and that the account was not "entirely commingled." The court concluded that the account, and all the business interests except the interest in Cotton Lane Group, were Husband's separate property. The court deemed the interest in Cotton Lane Group community property and divided it equally between the spouses.

¶6        Wife appeals.

**DISCUSSION**

¶7        We review the superior court's characterization of property de novo. *In re Marriage of Pownall*, 197 Ariz. 577, 581, ¶ 15 (App. 2000).

¶8        Wife first contends that the superior court erroneously determined that the Fidelity account was not transferred to Husband. We deem that finding factually accurate but legally immaterial. The Act does not, as Wife contends, describe an automatic age-based transfer to the minor. It instead provides that the custodian "shall transfer" the property to the minor when the minor becomes an adult. A.R.S. § 14-7670. Here, the custodian failed to comply with that directive. But whether the custodian relinquished control or not, the account always belonged to Husband—by the terms of the Act, the account immediately and absolutely vested in Husband at the time of its creation. *See* A.R.S. §§ 14-7659(A)(2) (providing that "[c]ustodial property is created and a transfer is made" when money is "paid or delivered to a . . . financial institution for credit to an account in the name of the transferor . . . 'as custodian for [a minor] under [the Act]'"), 14-7659(A)(2) (providing that the transfer "is irrevocable, and the custodial property is indefeasibly vested in the minor"). Husband therefore brought the account into the marriage as separate property, *see* A.R.S § 25-213(A), and the superior court properly considered it in his dissolution action.

¶9        Wife next contends that Husband's expert failed to provide "'explicit tracing' testimony sufficient to overcome the presumption that the Fidelity account is a community asset due to the commingling of community funds in it during the marriage." We hold that the presumption does not apply because the separate and community contributions to the account are easily identifiable. But we reject the expert's unfounded conclusion that the separate property was the sole funding source of the withdrawals.

¶10        "The mere fact that the property was commingled does not cause it to lose its separate identity, as long as the separate property can still be identified." *In re Marriage of Cupp*, 152 Ariz. 161, 164 (App. 1986); *see also Noble v. Noble*, 26 Ariz. App. 89, 95 (1976) (explaining that commingling does not cause transmutation "so long as the funds remain traceable"). Accordingly, when community and separate funds are commingled in one account, "the entire fund is presumed to be community property *unless* the separate property can be explicitly traced" and shown by its proponent "by clear and satisfactory evidence." *Cooper v. Cooper*, 130 Ariz. 257, 259 (1981) (emphasis added) (citation omitted).

¶11        Here, because the dates and amounts of the separate-property balance and community deposits were known, the community and separate portions of the account are easily delineated. The superior court therefore properly declined to conclude that the commingling transmuted the account to community property. In view of the community deposits, however, the court erred by concluding that the account was entirely Husband's separate property. Though the bulk of the account was separate property, the portion attributable to the community deposits was community property.

¶12        Husband's expert properly recognized the separate and community portions of the account. He anticipated, however, that Husband would "testify that he intended these [business] investments to be his sole and separate property." Husband did not so testify—to the contrary, he testified that his father unilaterally managed the account and Husband was wholly uninvolved in the transactions. The business interests were purchased from commingled funds, and there was no evidence that the spouses parsed the funds for purposes of the purchases or agreed to a transmutation. *See Bender v. Bender*, 123 Ariz. 90, 93 (App. 1979) (holding that spouses may convey their separate or community interests to each other by written agreement coupled with contemporaneous conduct showing intent to convey). And though tax documents listed Husband and not Wife as a stakeholder for several of the businesses, there is no evidence

that either spouse directed those documents' preparation. *See Bourne v. Lord*, 19 Ariz. App. 228, 231 (1973) (holding that because wife's name on deed to trailer purchased with husband's separate property was inserted neither at husband's direction nor with his knowledge, the form of the deed did not alter the trailer's separate-property status and was in any event merely prima facie evidence of ownership). The expert gave the community no credit for its contributions to the account, simply because those contributions were relatively modest and insufficient to independently cover the withdrawals, whereas the separate funds comprised the majority of the account and were sufficient to cover the withdrawals. The expert's approach is neither compliant with law, logical, or fair, and we refuse to endorse it.

¶13        Under Ariz. R. Evid. 702, expert opinions must be based on reliable principles and methods reliably applied to the facts of the case. Because the expert report in this case fails that basic test, the superior court erred by accepting the expert's opinion. The community had an interest in the investments proportional to the community's interest in the account from which those investments were funded. *See Horton v. Horton*, 35 Ariz. 378, 381 (1929) (holding that when an asset is "purchased in part with community funds and in part with separate funds, it is community property to the extent and in the proportion that the consideration is furnished by the community").

¶14        We reject Husband's argument that Wife waived a proportional award by not arguing for such a result in the proceedings below or on appeal. It is beyond dispute that Wife challenged the expert's opinion, and we must not limit ourselves to her specific arguments if that would cause us to reach an incorrect result. *See Liristis v. Am. Fam. Mut. Ins. Co.*, 204 Ariz. 140, 143, ¶ 10 (App. 2002). We further note that waiver is a procedural rule that we may forgo when justice requires. *Id.* at ¶ 11.

## CONCLUSION

¶15        The superior court erred by failing to recognize the community's identifiable interest in the Fidelity account and the investments therefrom in Gulf Mobile Home Park, Landings Resort, Sunshine RV Park, and Sunny Grove MHP. We reverse the court's characterization of the account and those business interests[1] as entirely

---

[1]        At oral argument on appeal, Husband claimed that the court's characterization of the investment in Cotton Lane Group as community

Husband's separate property.  We remand so that the court may award the community's share.  In our discretion, we deny the parties' competing requests for attorney's fees on appeal under A.R.S. § 25-324.



property gave Wife a windfall.  But Husband did not cross-appeal.  We therefore do not disturb the superior court's ruling regarding Cotton Lane Group.