IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

PHILLIP B., *Appellant*,

*v.*

ARIZONA DEPARTMENT OF CHILD SAFETY; MIKE FAUST,
as Director of Arizona Department of Child Safety, *Appellees*.

No. 1 CA-CV 20-0569
FILED 6-14-2022

Appeal from the Superior Court in Maricopa County
No. LC2019-000306-001
The Honorable Douglas Gerlach, Judge *Retired*

**REVERSED AND REMANDED**

COUNSEL

Pacific Legal Foundation, Arlington, Virginia
By Aditya Dynar
*Counsel for Appellant*

Arizona Attorney General's Office, Mesa
By Thomas Jose
*Counsel for Appellees*

Goldwater Institute, Phoenix
By Timothy Sandefur
*Counsel for Amicus Curiae*

## OPINION

Presiding Judge D. Steven Williams delivered the opinion of the court, in which Vice Chief Judge David B. Gass and Judge James B. Morse Jr. joined.

**W I L L I A M S**, Judge:

¶1        The Arizona Department of Child Safety ("DCS" or the "Department") maintains a Central Registry ("Registry") of substantiated reports of child abuse and neglect. A.R.S. § 8-804(A). Placement on the Registry can, *inter alia,* disqualify an individual from obtaining or maintaining various licenses, certifications, or employment in working with children. In this appeal, we are tasked with interpreting the definition of a "substantiated finding" of child abuse or neglect under the Arizona Administrative Code ("A.A.C.") R21-1-501(17)(a), warranting placement of an individual on the Registry. For reasons that follow, we reverse the superior court's order affirming the Department's decision to place Phillip B. on the Registry and direct DCS to remove Phillip B.'s name from the Registry for the alleged conduct giving rise to this appeal.

## FACTUAL AND PROCEDURAL HISTORY

¶2        For nearly three decades Phillip B. has worked with children in various capacities, including as a teacher and as an athletic coach. From 2010 until 2018 he worked as a caregiver at a group home. One June day in 2018, a minor resident became agitated, refused to do chores, and refused to follow instructions given by the caregivers. In an attempt to calm him, Phillip B. placed his hand on the minor's shoulder and held onto his shirt for several minutes while speaking with the minor and trying to get him to sit in a chair. Three others witnessed the incident: two group home residents (who were also minors) and one adult caregiver, Lam L. No one disputed the minor's tee-shirt was ripped at the neck during the incident. However, the witnesses' recollections diverge at that point. The group home residents, including the minor, told an interviewer that Phillip B. used his forearm or hand to put pressure on the minor's neck so that he had trouble breathing; they accused Phillip B. of choking the minor. Phillip B. and Lam L., however, denied that Phillip B. put his arm, hand, or pressure on the minor's neck and denied that the minor had any trouble breathing during the incident. Eventually, the minor calmed down, and Phillip B. and the minor apologized to each other for the confrontation.

**¶3** Several weeks after the incident, one of the group home resident witnesses reported the incident to the DCS hotline for child abuse. A DCS caseworker investigated by interviewing all five persons present at the incident. The caseworker made notes about her interviews, summarizing what the witnesses told her. Based upon that investigation, the DCS Protective Services Review Team ("PSRT") found probable cause that Phillip B. abused the minor and proposed to make an entry to the Registry that Phillip B. caused the minor to have difficulty breathing by placing pressure on his neck with his forearm. The PSRT notified Phillip B. of the proposed finding, and Phillip B. requested a hearing to require the Department to show probable cause for the entry.

**¶4** At the hearing before an Administrative Law Judge ("ALJ") with the Office of Administrative Hearings, the Department presented the caseworker's notes of the interviews as evidence of probable cause. Foundation for the caseworker's notes was provided by testimony from a Regional Review Specialist of the PSRT, not the caseworker. Phillip B. testified on his own behalf, as did the group home manager and Lam L. The group home manager testified that when he spoke to the minor after the event, the minor did not say he could not breathe during the incident. Lam L. testified that Phillip B. held the minor by the shirt, that the minor did not have difficulty breathing, and that Phillip B. did not use his forearm on the minor's neck. Phillip B. testified that he held the minor at "arm's length" because he did not want to be "nose-to-nose" with him. He denied choking the minor. The ALJ issued Findings of Fact, Conclusions of Law, and an Order in which she summarized the caseworker's interview notes and the witness statements reflected in the notes, as well as the testimony at the hearing. In her decision, the ALJ specifically found that the three adults who testified at the hearing were credible. She, therefore, found no probable cause existed to substantiate the allegation of abuse against Phillip B.

**¶5** The DCS Director, acting under authority of A.R.S. § 41-1092.08(B), issued a Decision and Order ("Director's Decision") in which he partially accepted, partially rejected, and modified the ALJ's findings and conclusions.[1] The Director adopted all but two of the ALJ's

---

[1] Phillip B. has not argued, either in the superior court or in this court (except untimely in his reply brief), that the Director has no statutory authority to accept, reject, or modify an ALJ order regarding substantiation of a proposed entry to the Registry under the language of A.R.S. § 8-811(K). *See Joseph V. v. McKay*, 1 CA-CV 17-0052, 2018 WL 4208988, at *5-6, ¶¶ 34-35 (Ariz. App. Sept. 4, 2018) (mem. decision) (Perkins, J., specially

factual findings without modification. The accepted findings included the statements of the minor and two group home resident witnesses, as well as the testimony of the two adult caregivers and the group home manager. The Director pointed out that the group home resident witnesses' statements contradicted the two adult caregivers' testimony. The Director "deleted" the ALJ's finding that the three adults were credible. The Director specifically rejected Phillip B.'s and Lam L.'s "denials," stating that the "denials" were "unavailing and not supported [by] the evidence." The Director's Decision substantiated the allegation against Phillip B. and ordered his name be entered in the Registry.

¶6        Phillip B. filed a judicial review action in superior court. He argued that the probable cause standard of proof used at the hearing and the authority of the Director to modify an ALJ's findings violate due process of law. He also argued that allowing DCS to define "probable cause" in its rules, hold hearings to enforce that standard, and make the final decision about whether that standard has been met violates the constitutional doctrine of separation of powers. He requested a trial de novo under A.R.S. § 12-910(C), to submit additional evidence under A.R.S. § 12-910(B), and to stay the implementation of the Director's Decision. The superior court rejected those arguments, denied those requests, found substantial evidence in the record for the Director's Decision, and affirmed the Director's Decision.

¶7        This appeal followed. We have jurisdiction under Article 6, Section 9, of the Arizona Constitution, and A.R.S. §§ 12-913, -120.21(A)(1), and -2101(A)(1).

**DISCUSSION**

*I.        Standard of Review*

¶8        On appeal from a superior court's review of an administrative action, we directly review the Director's Decision and are not bound by the superior court's judgment because we examine the same record. *See M & M Auto Storage Pool, Inc. v. Chemical Waste Mgmt., Inc.*, 164 Ariz. 139, 143 (App. 1990). Like the superior court, we will uphold the Director's Decision unless it is "contrary to law, is not supported by substantial evidence, is arbitrary

---

concurring) (positing that A.R.S. § 8-811(K) can be construed to make the ALJ's order final and not able to be modified by the Director). We therefore accept the Director's authority to do so for the purposes of this appeal and do not address that issue here.

and capricious or is an abuse of discretion." *See* A.R.S. § 12-910(F); *Gaveck v. Ariz. State Bd. of Podiatry Exam'rs*, 222 Ariz. 433, 436, ¶¶ 11-12 (App. 2009). We do not independently weigh the evidence; we instead determine whether there was substantial evidence to support the agency's decision. *Havasu Heights Ranch and Dev. Corp. v. Desert Valley Wood Products, Inc.*, 167 Ariz. 383, 387 (App. 1990). But we apply our own judgment as to questions of law. *Carlson v. Ariz. State Pers. Bd.*, 214 Ariz. 426, 430, ¶ 13 (App. 2007).

## II.    *Substantiated Findings*

**¶9**            As he did in superior court, Phillip B. asserts multiple errors by the Director in substantiating the allegations against him and entering his name on the Registry. One of Phillip B.'s arguments challenges the Director's authority to place his name on the Registry under the DCS regulatory rules, specifically A.A.C. R21-1-501(17)(a), when an ALJ has not found probable cause at a hearing. He argues the Department's rules only allow entry in the Registry when an ALJ finds probable cause and the Director accepts that decision, which did not occur here. We agree.

### A.    *Waiver*

**¶10**          The Director argues that the issue has been waived on appeal because it was not properly raised in the superior court. The superior court found that Phillip B.'s argument based on the Department's definition of "substantiated finding" under A.A.C. R21-1-501(17)(a) was raised initially during oral argument in the superior court. However, the court then conceded the issue had also been mentioned in a footnote in Phillip B.'s opening brief. The court concluded the issue had not been sufficiently preserved by the footnote, and ruled that alternatively it had not been developed enough in the briefs to warrant consideration. The superior court, therefore, considered that argument waived.

**¶11**          Arguing that this court should treat the issue as waived on appeal, the Director relies on *Harris v. Cochise Health Sys.*, 215 Ariz. 344 (App. 2007). In *Harris*, the appellant challenged the dismissal of his complaint on different grounds than he had asserted to the trial court. *Id.* at 349, ¶ 16. This court noted the general rule that an appellate court will not consider issues raised for the first time on appeal. *Id.* at ¶ 17. However, we also noted there are exceptions to this rule, as the rule is "procedural rather than jurisdictional." *Id.* at 350, ¶ 19. We have discretion to hear arguments first raised on appeal. *See Liristis v. Am. Family Mut. Ins. Co.*, 204 Ariz. 140, 143, ¶ 11 (App. 2002). We have also said that if "application of a legal principle, even if not raised below, would dispose of an action on appeal

and correctly explain the law, it is appropriate for us to consider the issue." *Evenstad v. State*, 178 Ariz. 578, 582 (App. 1993). An exception to the rule is especially appropriate where the issue is of a general public nature that affects the state at large, *Town of S. Tucson v. Bd. of Supervisors of Pima Cnty.*, 52 Ariz. 575, 583 (1938), where the issue is one of interpretation and application of statutes or rules, *see Evenstad*, 178 Ariz. at 582, and where justice requires it, *Liristis*, 204 Ariz. at 143, ¶ 11.

**¶12**　　　　Whether Phillip B. waived his argument in the superior court, or whether he did not, we are not persuaded it should be treated as waived on appeal because the issue has been fully developed in the opening, answering, and reply briefs, is of statewide importance, and "the public interest is better served by having the issue considered rather than deferred." *Dombey v. Phoenix Newspapers, Inc.*, 150 Ariz. 476, 482 (1986). We therefore address the merits of Phillip B.'s argument that, under DCS rules, the allegation against him cannot be entered into the Registry because the ALJ did not find probable cause.

　　　　B.　　Merits

**¶13**　　　　The substantiation process as set forth by the Department's rules provides that after the investigation is completed and the Department believes probable cause exists, the PSRT notifies the accused that the Department intends to substantiate the finding and informs him of the right to a probable cause hearing. A.A.C. R21-1-502. If the accused timely requests a hearing[2] and is not legally excluded from a hearing,[3] an ALJ conducts the hearing. A.R.S. § 8-811(J). At the hearing, the ALJ is asked to determine if the proposed finding of abuse or neglect is "true by a probable cause standard of proof." A.A.C. R21-1-501(17)(a). If the ALJ finds probable cause, the Director is asked to review the ALJ's determination and, if appropriate, "accept[] the decision." A.A.C. R21-1-501(17)(a).

**¶14**　　　　Thus, when a hearing is held, only if both conditions are met – (1) an ALJ's finding of probable cause and (2) the Director's acceptance of

---

[2] A.A.C. R21-1-503 provides twenty days from PSRT notification in which to timely request a hearing.

[3] A person is excluded from a hearing if the same issue of abuse or neglect has been ruled upon or is pending in another proceeding. A.R.S. § 8-811(F); A.A.C. R21-1-505.

the ALJ's finding of probable cause – is a finding "substantiated" and entered into the Registry. *See* A.A.C. R21-1-508(B).

¶15 Here, neither of the two prerequisite events happened. The ALJ did not find probable cause following the hearing and the Director did not accept the ALJ decision. Thus, the Director's Decision is not (and could not be) a substantiated finding under A.A.C. R21-1-501(17)(a) and does not meet the requirements for entry into the Registry under A.A.C. R21-1-508. For this reason, the allegation against Phillip B. should not have been entered.

¶16 The Director admits the proposed finding against Phillip B. does not meet the rule's requirements stated above for Registry entry, but argues he has authority to enter it anyway. He argues that because A.A.C. R21-1-501(17)(a) does not address the situation at hand—namely, when an ALJ has not found probable cause but upon review the Director has—it is therefore ambiguous. We cannot agree. The definition of "substantiated finding" in A.A.C. R21-1-501(17)(a) is clear and specific. There are three ways a substantiated finding is created: (a) an ALJ finding of probable cause and acceptance by the Director; (b) a failure to timely appeal the proposed finding; and (c) exclusion from a hearing. A.A.C. R21-1-501(17)(a). These three avenues are repeated when the Department provides for entry into the Registry in A.A.C. R21-1-508(A), (B), and (D). Indeed, A.A.C. R21-1-508(B) provides that entry in the Registry shall be made when the ALJ finds probable cause and the Director accepts it.[4] This rule is consistent with A.A.C. R21-1-501(17)(a).[5] The failure to include the circumstance presented by this case within A.A.C. R21-1-501(17)(a) does not make the rule ambiguous. It simply means that this case does not fall within the Department's definition of "substantiated finding."

¶17 Neither are we persuaded by the argument that "[b]y necessary implication, the Director's [rejection of the ALJ's finding of no probable cause] creates a substantiated finding under A.A.C. R21-1-501(17)(a)." Just because the Director may have authority to accept, reject, or modify an ALJ's findings does not negate the clear definition of "substantiated finding" promulgated by the Department itself. That

---

[4] The rule uses the phrase "administrative decision" but the only reasonable interpretation is that it means the ALJ decision.

[5] This rule is also consistent with A.R.S. § 8-811(K), which states that if the ALJ finds probable cause, the allegation shall be substantiated and the entry made in the Registry.

definition clearly excludes the circumstance in Phillip B.'s case. We will not assume the Department meant something other than what is stated clearly in the rule. *See Sell v. Gama*, 231 Ariz. 323, 327 ¶ 16 (2013) ("'When the plain text of a statute is clear and unambiguous,' it controls unless an absurdity or constitutional violation results." (quoting *State v. Christian*, 205 Ariz. 64, 66 ¶ 6 (2003))); *see also Stapert v. Arizona Bd. of Psychologist Examiners*, 210 Ariz. 177, 180, ¶ 7 (App. 2005) ("The rules for interpreting statutes apply equally to administrative regulations.").

**¶18**  We hold that, under the Department's regulatory rules, there is no substantiated finding to enter into the Registry in this case. Therefore, the Director's Decision ordering entry into the Registry cannot serve as a basis to enter Phillip B.'s name into the Registry for the proposed allegations.

*III.*  *Other Issues Raised by Phillip B.*

**¶19**  As noted above, Phillip B. has argued that other errors were made, including violations of the Arizona and United States Constitutions. Given our holding, we need not address those issues. Because of our disposition of the case, we need not address Phillip B.'s arguments regarding the superior court's denial of trial de novo, denial of his request to add to the record, and denial of a stay by the superior court. In addition, Arizona courts will generally not reach constitutional questions if a case can be fairly decided on nonconstitutional grounds. *Brush & Nib Studio, LC v. City of Phoenix*, 247 Ariz. 269, 281, ¶ 43 (2019). Since we have decided this case on nonconstitutional grounds, we decline to address the remaining arguments raised by Phillip B.

*IV.*  *Attorney's Fees and Costs on Appeal*

**¶20**  Phillip B. requests attorney's fees and costs under A.R.S. §§ 41-1001.01 and 12-348.[6] Section 12-348(A)(2) authorizes an award of fees to a prevailing party in a judicial review action. Because Phillip B. has prevailed in this matter, he is entitled to an award of fees and costs barring any exceptions, limitations, or reductions provided for in A.R.S. § 12-348(C). We will take up that issue and any other objections upon a

---

[6] Phillip B. also invokes the "private attorney general" doctrine but provides no authority in support of entitlement under that theory. Therefore, fees under that theory will not be addressed and are denied. *See* ARCAP 21(a)(2) (notice of claim for fees must specifically state the authority, including decisional law, upon which it is based).

timely fee request in compliance with Arizona Rule of Civil Appellate Procedure 21.

## CONCLUSION

**¶21** Because the Director's Decision here does not meet the regulatory requirements for a substantiated finding, there is no legal authority for the Director to enter Phillip B.'s name into the Registry. Accordingly, we remand this case and direct DCS to remove Phillip B.'s name from the Registry for the alleged conduct in this appeal.



AMY M. WOOD • Clerk of the Court
FILED:  AA